# THE MAYOR AND CITY COUNCIL OF BALTIMORE, a Municipal Corporation,

## *vs.*

# MARY G. MACHEN and ARTHUR W. MACHEN, JR., Executors of the Last Will and Testament of Arthur W. Machen, Deceased.

*Tax laws*: *ancient and long construction; not to be disregarded; money on deposit in trust companies.*

An unvarying construction of a statute applied by the courts and tax authorities for a great length of time ought not to be disregarded, except upon the most imperative grounds.

pp. 623, 624

Deposits in a safe deposit company, at interest, will not be declared taxable under Section 214 of Article 81 of the Code, when, for over twenty years, those whose duty it had been to assess and value taxable property have not construed that section so as to include such property.         p. 623

"Money" in bank is not taxable as such, even under Section 2 of Article 81, unless it is the proceeds of bonds or other property disposed of for the purpose of evading and escaping taxation.                p. 624

If such money is claimed to be a mere indebtedness, it does not fall within the meaning of Section 2 of Article 81.   p. 624

*Decided May 3rd, 1918.*

Appeal from the Baltimore City Court.   (Bond, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*R. Contee Rose, Assistant City Solicitor,* and *S. S. Field, City Solicitor,* for the City of Baltimore, appellant.

*Arthur W. Machen, Jr.,* (with *Machen* and *Williams* on the brief), for Mary Gresham Machen *et al.,* appellees.

PATTISON, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court affirming the action of the State Tax Commission of Maryland, vacating and annulling the assessment made by the Appeal Tax Court of Baltimore City for the purpose of State and City taxation for the years 1913, 1914, 1915 and 1916 upon a deposit in the Safe Deposit and Trust Company of Baltimore, made by appellee's testator, Arthur W. Machen, in his lifetime.

By the agreed statement of facts found in the record, Arthur W. Machen, deceased, on or about June 8th, 1896, deposited with the Safe Deposit and Trust Company of Baltimore, a corporation incorporated under the laws of Maryland, the sum of twenty-five thousand dollars ($25,000) and received for such deposit the following receipt:

"Safe Deposit and Trust Company of Baltimore,
"13 South Street,
"Baltimore, June 8th, 1896.
"Received of Mr. A. W. Machen, twenty-five thousand dollars ($25,000) on deposit, returnable on demand.

"(Signed)    Francis M. Darby,
"Treasurer."

On the back of said receipt was endorsed the following:

"$13,000 of this has been repaid to me some time ago.

"(Signed)    A. M. Machen,
"Oct. 6, 1909."

That Arthur W. Machen in his lifetime withdrew thirteen thousand dollars ($13,000) of said deposit, leaving a balance of twelve thousand ($12,000) on deposit at the time of his death which occurred on December 19th, 1915, and for more than four years prior thereto. That interest at varying rates was paid by said Trust Company to said testator on said deposit, but at no time at a higher rate than three per cent. per annum. That the receipt remained in his possession until the time of his death, and has since been in the possession of his executors. That sometime after the payment of the thirteen thousand dollars, a portion of the deposit, the testator made in pencil in his own handwriting the entry which appears on the back of the receipt. That the whole amount of the deposit was withdrawn by his executors, the appellees, upon the death of the testator, to wit: on or about July, 1916, and was used by them in paying pecuniary legacies and expenses.

The only question presented by this appeal is whether the above mentioned deposit is taxable under the laws of this State.

The valuation and assessment was made by the Appeal Tax Court under section 214 of Article 81 of the Code of Public General Laws of this State (Code of 1912) which is as follows:

"All bonds, certificates of indebtedness or evidence of debt in whatsoever form made or issued by any public or private corporation incorporated by this State or any other State, Territory, District or foreign country, or issued by any State (except the State of Maryland), Territory, District or foreign country not exempt from taxation by the laws of this State, and owned by residents of Maryland, shall be subject to valuation and assessment to the owners thereof in the county or city in which such owners may respectively reside, and they shall be assessed at their actual value in the market, and such upon which no interest shall be actually paid shall not be valued at all, and upon such valuation the regular rate of taxation

for State purposes shall be paid, and there shall also
be paid on such valuation thirty cents (and no more)
on each one hundred dollars for county, city and mu-
nicipal taxation in such county or city of this State
in which the owner may reside."

The city contends that the deposit is taxable under the
aforegoing section of the Code in that the aforesaid receipt
is a "certificate of indebtedness or an evidence of debt"
within the meaning of the provision of the statute, and as
such is taxable; and as we understand the city's contention,
the deposit would be taxable—if the acknowledgment of its
receipt were evidenced by the usual certificate of deposit, or
by bank pass book, or by the mere entry of such deposit upon
the ledger of the bank if interest is paid on such deposit. In
other words, any evidence in writing of a deposit, in what-
ever form it might appear, is a "certificate of indebtedness
or an evidence of debt" within the meaning of the statute
and taxable thereunder, as contended for by the appellant.

This construction of the statute is not the one that has
been placed thereon by those whose duty it has been, since
the passage of the Act in 1896, more than twenty years ago,
to value and assess the taxable property included within its
provisions. It was not, so far as we are informed, until 1911
sixteen years after the statute was passed, that any doubt was
entertained as to the meaning of the statute in respect to the
question here raised. To such time the deposits were never
regarded taxable.

In 1911 this identical question was submitted to the Cir-
cuit Court for Carroll County for its decision and the argu-
ments there made were the same as those made in this Court
in the case now before us. That Court held, however, that
deposits were not taxable and no appeal was taken therefrom.

The statute has remained the same and since that time no
further attempt has been made to tax bank deposits except
in some instances where it had been disclosed in the settle-
ment of estates in the Orphans' Court of Baltimore City, that

the decedent had money on deposit in bank, the city authorities, without resistance, valued and assessed the same for taxation.

In *Baltimore* v. *Johnson,* 96 Md. 737, the attempt was made to value and assess, for taxable purposes, a seat in the Baltimore Stock Exchange. In speaking of the effect of the long acquiescence in the construction of the Statute, by the city's taxing authorities, by which a seat in that body was not held taxable, the Court, speaking through CHIEF JUDGE BOYD, said: "That it is not necessarily conclusive of the question, but it is an important circumstance when we remember that the language now relied on is in substance the same that has been in the statutes for so many years. The value of a seat may change from year to year, but if it is property now, within the meaning of our tax laws, it has been during all those years. If it was, not only have the owners of those seats been placed in a position, by the construction put on the law by the tax officers, by which they omitted them from their schedules of personal property, as provided for in section 173 of Article 81, although each swore that his schedule contained "a true, full and complete list of all real and personal property held or belonging to me," etc., but the tax officers themselves have failed to discharge their duties. Not only the original assessors were required to add any property omitted from the schedules, but the Appeal Tax Court and assessors appointed by them are required to take steps to place unassessed property on the books. * * * We certainly can assume that all of the holders of such seats would not intentionally have violated the law in making up their schedules, and we are equally positive that the tax officers throughout all those years would not have wilfully failed to discharge their duties. * * * During these years the Legislature has frequently had questions of taxation before it, and has passed many laws in relation thereto. * * * And although the members of the Legislature and the city and State tax officers may be presumed to know that these seats have not been assessed, the Legislature has

not attempted, in terms, to have them taxed, and, as we have
seen, the construction·placed on the tax laws during this
great length of time seems to have been that they were not
taxable. It was said in *Hays* v. *Richardson,* 1 Gill & John-
son, 366, in speaking of the construction of a statute "this
contemporaneous unvarying construction of the Act of As-
sembly for sixty years ought not to be disregarded, but upon
the most imperious and conclusive grounds." See also *Harri-
son* v. *State,* 22 Md. 468; *Stuart* v. *Laird,* 1 Cranch, 299;
*McPherson* v. *Blacker,* 146 U. S. 1. When, therefore, the
language of the statute relied on is not now more compre-
hensive than it has been for half a century, and the thing
sought to be taxed has been in existence during all that time,
but has never been taxed, there ought to be some valid and
substantial reason assigned before the new construction of the
statute, now contended for, should be adopted." What we
said in that case is particularly applicable to the case before
us.

As we have said bank deposits, with the exception above
mentioned, have never been regarded and treated as taxable
under the unvarying construction placed upon the Act of
1896 by those who have been entrusted with its enforcement.

It is presumed that the Legislature, succeeding the passage
of the Act, not only had knowledge of the fact that deposits
such as the one before us were to be found in the many banks
of this State, but that they also knew of the construction
generally placed upon this statute that such deposits were
not regarded by the taxing authorities of the State as taxable
thereunder (*Baltimore City* v. *Johnson, supra*), nevertheless
we find no amendments to the statute passed more than
twenty years ago, by which bank deposits are unmistakably
brought within its provisions.

This any one of the Legislatures that have convened since
its passage had the power to do and no doubt would have
done had they thought that the construction placed thereon
was inconsistent with the intention of the Legislature that

624    M. & C. C. OF BALT. vs. MACHEN.

Opinion of the Court.    [132

passed the Act; or had they wished to bring bank deposits unmistakably within the provisions of the statute.

Applying the principles announced in *Hays* v. *Richardson, supra,* and quoted in *Baltimore City* v. *Johnson, supra,* that an unvarying construction of a statute for such lapse of time "ought not to be disregarded, but upon the most imperious grounds," we do not feel warranted or justified in placing upon the statute a construction differing from that placed thereon by the taxing authorities of the State.

It is further contended by the appellant that should we hold that deposits are not taxable under section 214 of Article 81, then such deposits can not escape taxation under section 2 of said Article, because of the clause therein contained that, "All other property of every kind, nature and description within this State, except as provided by section 4, shall be valued and assessed for the purpose of State, county and municipal taxation to the respective owners thereof in the manner prescribed by this Article," etc.

The deposit is claimed by appellees to be money and by the appellants to be an indebtedness. If it be money it is clearly not taxable, unless it be "the proceeds of the sale of stock, bonds or other property disposed of for the purpose of evading and escaping taxation" and that is not shown in this case. Section 2 of Article 81. And if it be an indebtedness it does not fall within the clause named, as it is not property within the meaning of that section, to be valued and assessed in the manner therein provided. Discrimination is therein made as to debts liable to taxation thereunder and it is evident that it was not the intention of that statute to impose taxes upon every kind of debt. *Buchanan* v. *Commissioners of Talbot County,* 47 Md. 293.

For these reasons and those already stated the order of the Court below will be affirmed.

*Order affirmed, with costs to the appellee.*