## SUPERIOR COURT OF BALTIMORE CITY.

Filed December 12, 1924.

LOUIS FINE
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE, A BODY CORPORATE, AND CHARLES P. COADY, COLLECTOR OF TAXES.

*Edgar Allan Poe, E. Allan Sauerwein, Jr., George W. Lindsay* and *Murray T. Donoho* for petitioners.

*Assistant Attorney-General Herbert Levy* and *Deputy City Solicitor Wirt A. Duvall, Jr.,* for defendants.

SOLTER, J.—

This is a companion suit to that of Morris Grossfeld et al. vs. E. Austin Baughman, Commissioner of Motor Vehicles, in which the constitutionality of the Act of 1924, Ch. 412 was upheld, and a general reference to the memorandum opinion filed in that case is hereby made. In this case Fine, the petitioner, sought to pay his 1924 taxes upon his automobile. This was for the purpose of presenting evidence to the Commissioner of Motor Vehicles that these taxes had been paid, so that he could obtain a license for the car for the year 1925. The petitioner admitted that he had never paid any personal taxes, although he had been in business for many years, and during the past five years, had owned numerous automobiles and trucks. The defendant Collector of Taxes refused to accept payment of the 1924 taxes unless Fine also paid the other years' taxes upon automobiles owned by him, in ar-

rears, of course. Fine now tenders payment of the 1924 taxes (with interest and penalties) upon his car and the petition for a mandamus is for the limited purpose of requiring the Collector to accept this payment. In the testimony taken it was shown that the Commissioner of Motor Vehicles had requested the opinion of the Attorney-General as to the procedure to be followed by him under the Act and it was suggested that he be furnished in each instance with certificate of clearance by the City Tax Collector. This furnishes the setting for the action of Fine in tendering his taxes and in this way the Act of 1924 is brought into this proceeding.

The first point raised by the City, is that the plaintiff, according to his own testimony, has failed and neglected to pay any taxes during this period of years; that the mandamus writ is a prerogative writ, and there abides a certain discretion in the Court in granting or refusing to issue it, and that this discretion should not be exerted in aid of the petitioner in relief against the City in this instance, when he has shown a settled purpose to evade payment of taxes. While it is true that the Court does possess a limited discretion in these matters, yet where a person holds a clear legal right under the laws of the State, with no other remedy to enforce it, the Court cannot refuse the writ, for the law and the right are imperative. 18 R. C. L. 138; and, therefore, if Fine is clearly entitled under the law to pay his 1924 taxes, and demand a receipt therefor, his application will not be denied because of his delinquency in other years.

While it may be asserted in one sense that an action directed against the Mayor and City Council merely to compel the acceptance of taxes has no necessary connection with the automobile licensing statute, yet the payment of the 1924 taxes is a prerequisite to obtaining a license if the machine is properly taxable for that year, and, no matter what proof the Commissioner may deem necessary, whether by affidavit of the applicant, production of the receipted tax bill or a certificate of the City Collector, the taxes for 1924 must in some way be proved to have been paid. And, therefore, quite obviously the rights of taxpayers with reference to 1924 taxes upon automobiles are drawn into this licensing law of the State. In the Grossfeld case it was held that this Act is *tax penalty* applicable to 1924 taxes and later years. If the payment of 1924 taxes to the Mayor and City Council is a prerequisite to the issuance of licenses, the City Collector or other tax collecting agencies necessary to this payment become inescapably involved in the Act. Certainly the common sense of the situation is that the Mayor and City Council either sought or consented to this involvement as necessary to the collection of taxes upon this type of property.

The City urges that the idea of licensing of automobiles be divorced from the operation of its tax collecting agencies, and that this case be treated the same and from the same viewpoint as would be the taxes upon any other species of property, because nowhere in the Act is there any reference to the duties of the City Collector. With this out of the way it wishes to apply a certain rule which exists in the Department concerning acceptance of taxes. The City Collector has for a long period of years, declined to accept payment of taxes for a current year, unless all taxes in arrears are likewise paid. An exception is made where the taxpayer is entitled to a discount for prompt payment; it being the opinion of the City that, as the taxpayer is entitled to such discount by law, a denial could not be justified because of arrearages. It may be admitted that the rule of thus requiring back taxes to be paid is a wise and salutary one; it may be that any other rule would keep the records and accounts of the Collector's office in a condition of chaos and confusion, and indeed under ordinary circumstances there could be no reasonable objection urged against the rule or practice. It is true, on the other hand, as a matter of law, that a debtor may designate the account to which his payment shall be applied, and no authorities need be cited for so elementary and well settled a proposition. Apart from any statute or valid rule established by the Mayor and City Council regulating the payment of personal taxes, the relationship between the City and taxpayer is that of creditor and debtor.

The City contends that the Collector has the right to pass reasonable rules

for the prompt collection of taxes and that having established the rule in question, and having maintained it consistently over a long period of time, the rule is entitled to the same sanction as established legal principles. The City relies upon Sec. 6 of the City Charter, sub-section 28-D, (1915), which reads as follows:

"To extend the limits of direct taxation within the said City, from time to time, as it shall deem expedient. To have power to provide by *ordinance or otherwise for the prompt* collection of taxes due the City, and have power to sell real estate, as well as personal property, for the payment of taxes."

In Hess vs. Westminster, 134 Md. 125, the Court more in corroboration than otherwise of its previously expressed opinion regarding the statute in question in that case said: "This unvarying construction of the statute for such a lapse of time ought not to be disregarded but upon the most imperious grounds." Hays vs. Richardson, 1 G. & J. 366. Baltimore vs. Johnson, 96 Md. 737; Baltimore vs. Machen, 132 Md. 624. In Mayor and City Council vs. Pattison, 136 Md. 62, no statute was involved but there has been a custom of paying certain fees by the City in criminal cases. Later it sought to avoid liability for a large sum in fees which had already accrued against it by virtue of the custom. The Court said, "Accounts for the fees in criminal cases has been so long recognized and acted upon as to become part of the common law of the State."

There does not seem direct necessity for passing upon the validity of this rule, because the Act of 1924, Chap. 412, is a repeal by implication thereof as to taxes upon automobiles for the year 1924, or subsequent thereto. The statute uses the phrase—"All taxes due and in arrears thereon," meaning such particular automobiles, and it later provides that this statute is applicable "only in the case of taxes becoming due and in arrears in the year 1924 and thereafter." It must be assumed that the Legislature was cognizant of this rule of the Collector's office, if it had the force and effect of a law, as contended. If so, and it used the words "due and in arrears thereon" advisedly, it manifestly had in mind a separate tax penalty for a specific class of property and it meant to limit it to that particular class. It took out bodily automobiles from any general classification of personal property, set them apart as a class and dealt with that class with reference to 1924 taxes and those accruing later. It knew the force and effect of its legislation upon the particular class. Regarding then the Act of 1924 as a specific penalty upon a particularly specified class of property, can it be invoked in favor of the Mayor and City Council as to all arrearages of taxes upon all classes of personal property due by the owner of an automobile? Can the Mayor and City Council say that it has no concern with the auto licensing law; that it is dealing merely with the collection of taxes, when it is aware the effect of refusing payment is to directly and immediately put into force the most drastic penalty of which the property in its nature is susceptible? Of course, the Commissioner of Motor Vehicles enforces the penalty, and not the City, but when the City invokes its rule of arrearages, it invokes the penalty, all reasoning to the contrary notwithstanding. If the City with full knowledge of the general law, groups together all personal taxes upon all classes of personal property assessed to the owner of automobile, it is merely using the automobile tax penalty for the purpose of collecting the taxes upon the other classes of property. Again, when only one automobile is involved, there is no difference in principle between accumulating the taxes in arrear upon the automobile and demanding payment for such arrearages as a condition of payment of the 1924 taxes, than in grouping all classes of tangible personal property and making the automobile tax penalty stand as a penalty for the group. The Legislature, in guarding the penalty as it did in this statute, could not have intended it as supplementary to any rule in the Tax Collector's office, worthy though it may be. The practical effect of this rule when applied to taxes upon automobiles in the light of this tax penalty is to make the purchaser of any automobile learn in advance of his purchase whether the seller owes *any* taxes upon any tangible personal property, and if he fails in so doing his purchased automobile is subject to a lien for such taxes. For the statute operates as a lien in that it impounds

the automobile in the hands of the purchaser, and renders it useless. The Act was intended as a separate independent penalty, and presupposes a harmonizing of all rules or prior enacted statutes with the evident legislative intent.

The application for the writ prayed for is granted.