*E. H. LEHMAN v. D. A. GRANTHAM.

*Taxation--Purchases of Liquors, &c.--U. S. Internal Revenue Tax--*
*Stamps.*

1. A dealer in spirituous liquors, &c.; in listing the amount of his purchases for taxation under the revenue act (Laws 1876-'7, ch. 156, § 10) is not entitled to deduct therefrom the amount of the U. S. Internal Revenue tax upon said purchases.

2. Liquors, &c., subject to the U. S. Internal Revenue tax can not be *purchased* before they are properly stamped.

APPLICATION for an Injunction heard at Chambers on the 21st of November, 1877, before *Eure, J.*

The plaintiff was a wholesale liquor dealer in Goldsboro, and the defendant, the Sheriff of Wayne County. The purpose of this proceeding was to restrain the Sheriff from collecting a certain tax which appeared upon the list delivered to the Sheriff by the Register of Deeds of said County to whom the plaintiff was required by law to render a statement of the amount of his purchases for taxation. The statute provides that "every dealer in spirituous or vinous liquors, porter, lager beer, or other malt liquors, shall pay a tax of five per cent. on the amount of purchases of any and all liquors." Laws 1876-'77, ch. 156 § 10, p. 287.

The plaintiff alleged that he bought a certain quantity of liquor from the manufacturer in the State of Ohio, and that after the purchase and before the removal of the liquor, he paid the United States tax thereon and had the revenue stamps affixed to the casks containing the liquor, and then removed the same to his place of business in Goldsboro. The plaintiff insisted that he was only required to list the amount of his purchases of the liquor aforesaid, and was

---

* Smith, C. J. and Faircloth, J. having been of counsel did not sit on the hearing of this case.

not bound to include therein the amount of the Internal Revenue tax. The Register of Deeds declined to concur in this view of the law and assessed the plaintiff's purchases in an amount including the said stamps. Thereupon the plaintiff moved for an injunction, which upon the hearing before His Honor was refused and the plaintiff appealed. The objection taken in this Court by the defendant as to the remedy by which the plaintiff sought relief, was withdrawn, and the question waived, to the end that a decision might be had on the merits of the controversy.

*Messrs. Gilliam & Gatling* and *G. H. Snow*, for plaintiff.

*Mr. H. F. Grainger*, for defendant: The assessment must be estimated by market value. Burrough's on Taxation 522. No market value until tax paid. Manufacturer liable for tax; spirituous liquor cannot be moved until tax is paid; distiller must give bond for the tax. United States Rev. Stat. § § 3251, 3260, 3271. Stamps purchased from Collectors of Internal Revenue and affixed to the vessels containing liquor by manufacturer. Burrough's Taxation 619 *et seq.* Stamp taxes are collected by requiring them to be affixed to some commodity before it can be sold. Cooley on Taxation, 320.

READE, J. Under the United States Revenue Laws, no spirituous liquors can go out of the hands of the manufacturer into the hands of a purchaser for use or sale, without being stamped with the United States revenue stamp. By the Revenue Law of 1877 for this State, a dealer in spirituous liquors is taxed upon the amount of his purchases. The plaintiff, a merchant in Goldsboro, North Carolina, purchased spirituous liquors in the State of Ohio of the manufacturer and brought them to Goldsboro; and proposed to give in his purchases of the spirituous liquors for taxation at what they cost him, less the cost of the U. S. revenue

stamps; whereas the defendant insisted that he should give in what they cost, including the stamps. The plaintiff insisted that he purchased the liquor unstamped, and then purchased the stamps and put them on it, and that U. S. stamps cannot be taxed by the State, and therefore he can be taxed only on his purchase of the liquor before it was stamped.

The plaintiff's mistake is in supposing that he "*purchased*" the liquor *before* it was stamped. The manufacturer could not sell and deliver, and the plaintiff could not buy and receive, the liquor until *after* it was stamped. They may have *agreed* to sell and buy, but the transaction was not complete until there was a sale and *delivery*. The liquor was not *marketable* until stamped; and whether the plaintiff or the manufacturer paid for the stamps, was a matter of arrangement between them, for convenience it may be, or for an experiment with the taxing powers. The thing purchased, was the thing delivered; and the amount of the purchase, was its cost as delivered. Whether the cost of transportation from the place of its manufacture to the plaintiff's place of business is not also a part of the purchase, is not made a point in the record, and we express no opinion.

It is insisted by plaintiff that a U. S. stamp upon an article is a license to sell, and the State cannot trammel the traffic. Let us see in what sense that is true : Suppose there had been no tax on liquor, could not the manufacturer have sold it? Certainly. There having been a tax on it and the tax having been paid, could he not have sold it just as if there had been no tax? Of course. Then in what sense is the stamp a license except as it removes a lien? But if it were otherwise, still this is not a tax on sales, but on purchases. The United States can tax every article of property just as it taxes liquor; and if that were a license to sell which the State could not trammel by taxing the same arti-

cles, or sales, or purchases of them, then the State could collect no taxes at all.

It is insisted that if the State can tax stamped articles, or the sale and purchase of such, then it may tax them so high as to destroy them and prevent the United States tax altogether. But that would be suicidal; for the United States can tax *everything*, and the State cannot destroy everything without destroying itself. The State cannot tax United States bonds or the salaries of its officers, or any of its means for carrying on its government; but that does not mean that the State may not raise revenue out of the property, income, trade and occupation of its own citizens, although the same articles may be taxed by the United States. Suppose the United States lay a tax of $10 on every horse, and forbid the sale until the tax be paid and the horse branded; I have two horses, each worth $90; I pay the tax on one and he is branded; he is then worth $100 in the market; when I list them for State taxes, must I not give in one at $90 and the other at $100? and if I sell the one which is branded, and the dealer have to list his purchases, must he not list the purchase at $100? and that, although he paid the United States tax for me, to enable me to sell, and him to buy? Property is always taxed at its *improved* value, if it is improved, and by whatsoever means improved.

There is no error. Injunction refused, action dismissed, and judgment here that the defendant recover his costs.

No error.

PER CURIAM.                                    Judgment affirmed.