## CONSOLIDATED DISTRIBUTORS INC. *v.* CITY OF ATLANTA.

No. 14069. APRIL 16, 1942. REHEARING DENIED MAY 20, 1942.

855

*Spence & Spence,* for plaintiff.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *Frank A. Hooper Jr.,* for defendant.

JENKINS, Justice. ■ Even if a petition shows on its face that a suit is barred by the statute of limitations, so that the defendant might take advantage of the statute by demurrer expressly invoking such a defense, a general demurrer on the ground that no cause of action is stated can not be taken as sufficient to raise the defense of a bar by the statute. *Sammons* v. *Nabers,* 186 *Ga.* 161, (3), 162 (197 S. E. 284); *Smith* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 59, 60 (90 S. E. 474); *Lee* v. *Holman,* 184 *Ga.* 694 (4), 696 (193 S. E. 68); *Smith* v. *Aldridge,* 192 *Ga.* 376, 380 (15 S. E. 2d, 430); *Darnell* v. *Toney,* 41 *Ga. App.* 673, 682 (154 S. E. 379), s. c., 39 *Ga. App.* 710 (148 S. E. 279); *Felton* v. *State Highway Board,* 47 *Ga. App.* 615 (2), 619 (171 S. E. 198). Accordingly, even though the instant petition by a wholesale liquor

dealer to enjoin the collection of ad valorem taxes by the City of Atlanta, imposed on the dealer's liquors, shows that the petition was not filed within twenty days after notice by the city to the petitioner as to the assessment on the property, as required by the act of 1939 amending the city charter (Ga. L. 1939, pp. 830-832), no question as to the bar of the suit by the limitation in the statute was raised by the demurrer on the ground that the petition "sets forth no cause of action against defendant, and alleges no facts sufficient to justify the intervention of a court of equity in this case." And it is unnecessary to decide whether conduct by the municipality in negotiating with the taxpayer as to the proper amount of assessment, after notice thereof, could suspend the period of limitation, or relieve a taxpayer of the bar, or whether in this case the averments of the petition were sufficient to show any such acts of continued negotiation by the city.

■ Under Federal laws existing in 1939, the tax year in question, prior to later statutes enlarging taxes, the excise or stamp taxes imposed by the Government on distilled and other liquors were payable before the liquors could legally pass into the hands of dealers or purchasers. 26 U. S. Code Ann. §§ 2800(a, 1), 3030(3, b), 3150(b). The State likewise requires such payment before distilled spirits can be taken from a State warehouse. Ga. L. Ex. Sess. 1937-38, pp. 103, 107; Code Supp. § 58-1015. Such taxes, even though they may in effect have been "passed on" ultimately to the purchaser by an increase in the purchase-price covering the amount of tax, were an element of cost, first to the dealer and then to the purchaser, by this increased amount which each was required to pay. In determining the cost to the dealer, it is immaterial whether he or the manufacturer paid the stamp tax under the arrangement between them, since in either event the amount paid became part of the actual cost to the dealer. Since the City of Atlanta was authorized under its charter to levy and collect "an ad valorem tax on all . . personal property" (Ga. L. 1874, p. 122, § 25), which amount would ordinarily be based on the true market value in the usual course of trade (Code, § 92-4101; 26 R. C. L., § 323), and since in ascertaining such value every fact and circumstance bearing thereon should be considered (State ex rel. Guilbert v. Halliday, 61 Ohio, 352 (56 N. E. 118, 49 L. R. A. 427), and since liquors on sale without payment of the tax required

to make a sale lawful would be illegal and valueless in the ordinary course of trade, but their value would be augmented to the extent of such a paid tax, the city in this case was authorized to require that such taxes, increasing to that extent the cost to the dealer, should be included as an element in assessing the value of the liquor. Accordingly, the petitioning wholesale dealer was not entitled to deduct these amounts from the total price paid, upon its contention that such an assessment in effect compelled the dealer to pay a tax upon the government taxes already paid, and not upon the property. The apparently few pertinent decisions seem to support with unanimity this conclusion. Lehman v. Grantham, 78 N. C. 115, 116 (88, 89); Williams v. Iredell County Commissioners, 132 N. C. 300 (43 S. E. 896). There are also cases holding that where a special percentage tax on the sale price of an article is imposed on the manufacturer or the dealer, and the amount of tax is in effect "passed on" or "buried" in the sale price charged to purchasers, neither the manufacturer, dealer, nor the purchaser is entitled to recover the amount of the special tax or deduct it from ad valorem or other taxes; but that the special tax, like other expenses, was an element entering into the cost of the product. Lash's Products Co. v. U. S., 278 U. S. 175, 176 (49 Sup. Ct. 100, 73 L. ed. 251); Shearer v. Commissioner of Internal Revenue (C. C. A.), 48 Fed. 2d, 552, 554 (4, 5); Heckman v. Dawes &c. Co., 12 Fed. 2d, 154; Cudahy Packing Co. v. U. S., 37 Fed. Supp. 563, 571; State ex rel. Byers-Prestholdt Motor Co. v. Minnesota Tax Com., 178 Minn. 300 (227 N. W. 43).

Under the immediately preceding ruling, the court properly dismissed the action on general demurrer.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

JENKINS, Justice. Plaintiff in error moves for a rehearing on the contention now made that its petition, attacking the validity of the city's ad valorem tax assessment on liquors, had alleged that these liquors were still in a government warehouse, and that the United States taxes on the liquors were not due until the liquors were sold. Under this contention, movant now insists that the court erred in holding in effect that "the internal revenue tax prescribed by the law of the United States and required to be paid under such laws before the liquor is removed therefrom should be

added to the value of the liquor, even though the tax had not been paid;" and erred in holding that the city, in fixing the value of movant's liquors for taxation, could add unpaid Federal taxes to the cost price as an element of value.

The question now raised can not be considered, since the record fails to support movant's contention that such a question has been raised either in the trial court or in this court. "Where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader;" so that, if "two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter," and if "any one of several averments alleged in the alternative is insufficient to state a cause of action, the entire pleading is bad and subject to general demurrer." *Doyal* v. *Russell,* 183 *Ga.* 518 (3-5), 534 (189 S. E. 32), and cit.; *Moore* v. *Moore,* 188 *Ga.* 303, 305 (4 S. E. 2d, 18); *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476 (2) (198 S. E. 217). The original petition is ambiguous, in containing references to the amount of "State and Federal taxes which had *either been paid, or were due to be paid* when the said liquors were sold," and to "the actual value of said stock of liquors, less the State and Federal taxes which [*have*] *been or are to be paid* upon the same before the liquors are sold," and to "the ultimate . . State and Federal taxes that it would be necessary for petitioner to pay when the said liquors were sold," and in also containing averments as to the liquor in question being part of "its personal property, including *its stock of liquors,"* and to the "State and Federal taxation upon *said stock of liquors."* Not only is the fact of past or future payment of Federal taxes on the liquors thus alleged in the alternative, without any indication as to what part of the taxes had been paid and what part had not been paid, but movant's present contention that the liquors remained in a Government warehouse without payment of the Federal taxes thereon is negatived by the express averments that the liquors were a part of "its stock." Movant's contention is further negatived by the express averment in an amendment to its petition that it had "filed a petition with the tax committee of the city council of Atlanta, asking for a hearing and an adjustment of said tax assessment, so that the said tax assessment would not contain the amount of the United States taxes *paid upon said liquors,* as a part of the value."

The bill of exceptions and the brief of the movant also negative its present contention as to non-payment of the Federal taxes. The assignments of error contain the specific ground, that "it was illegal for the City of Atlanta . . to assess as a part of the value of its property the amount of taxes plaintiff *has paid* to the United States Government *upon its property,* and because it compelled plaintiff to pay an ad valorem tax upon the taxes it *had already paid to the United States.*" The brief for the movant also attacks the validity of the city's assessment because it required the payment of "ad valorem taxes upon the amount of the excise taxes which it *had already paid to the United States Government* and the State of Georgia."