# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## S. & L. STRAUS BEVERAGE CORPORATION v. COMMONWEALTH OF VIRGINIA.

January 13, 1947.

Record No. 3122.

Present, Holt, C. J., and Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

1056

The opinion states the case.

*Christian, Barton, Parker & Boyd* and *J. Vaughan Gary*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *W. W. Martin, Assistant Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The Commonwealth recovered a judgment against S. & L. Straus Beverage Corporation, defendant, for $694.04 deficiency in wholesale merchant's license for 1942 and 1943, which we are asked to reverse because contrary to the law and evidence. The facts were stipulated and are these, so far as they need be stated:

The defendant, a Virginia corporation, is a wholesale merchant of wine and beer in Richmond. It buys the beer it sells only from manufacturers (brewers), located in Virginia and elsewhere. In reporting the amount of its purchases of beer in order to secure wholesale merchant's license for 1942 and 1943, it did not include in the amount of such purchases the amount of the Virginia State excise tax on the beer, which amount had been previously paid by the manufacturers from whom the beer had been purchased and was included in the invoices to the defendant.

The invoice of the manufacturer shows the amount charged for the beer as one item and the Virginia State excise tax as another item, and in paying the invoice the defendant included both items in one check. In other words, the manufacturer paid the excise tax and the defendant paid the manufacturer in paying for the beer. When it was discovered that the defendant had omitted this excise tax from the amount of its purchases in paying its license tax the Commonwealth brought suit against it which resulted in the judgment to which this writ of error was awarded.

According to the stipulation, "A beer manufacturer from whom defendant purchases beer pays the State excise tax in

the following manner: The beer manufacturer from time to time applies to the State Tax Commissioner for a tax release certificate covering the desired number of Virginia tax-paid crowns of the class or classes needed, and accompanies such application by a certified check payable to the State Tax Commissioner for the amount of the Virginia excise tax the payment of which is evidenced by such crowns. Such tax release certificate is executed by the State Tax Commissioner and is directed and transmitted to an authorized and bonded crown manufacturer, who is under contract with the Commonwealth through the State Tax Commissioner, and such crown manufacturer, on the authority of such tax release certificate, ships or delivers the Virginia tax-paid crowns to the beer manufacturer who affixes them to the bottles of beer before they are shipped to the purchaser in Virginia. A duplicate tax release certificate is sent by the Tax Commissioner to the beer manufacturer which serves as his receipt for the tax paid. The beer manufacturer pays to the crown manufacturer the commercial value of such crowns as distinguished from their tax value."

Defendant did not pay any excise tax to the Commonwealth on the beer it purchased, except that it furnished tax-paid crowns to one manufacturer outside of Virginia from whom it made approximately two per cent. of its purchases, and as to this beer the defendant did pay the tax direct to the Commonwealth. The amount of this excise tax, however, is not included in the assessments involved in this action.

The amount of the tax is not in controversy. If the excise tax paid by the manufacturer and by it collected from the defendant is a part of the "amount of purchases" made by the defendant, then the judgment complained of is right.

The assessments were made under sec. 188 of the Tax Code and secs. 27 and 28 of the Alcoholic Beverage Control Act (Acts 1934, p. 100; 1936, p. 286; 1940, p. 199; 1942, p. 529; Code 1942, Michie, secs. 4675 (27) and 4675 (28) ).

Sec. 188 of the Tax Code provides, so far as we are interested here, that every wholesale merchant shall pay a

license tax for the privilege of doing business in this State, "to be measured by the amount of purchases made by him or it during the next preceding year," the amount of the tax being $50 plus 13 cents on each $100 of the amount of purchases in excess of $10,000.

Sec. 27 of the Alcoholic Beverage Control Act levies "on all beer manufactured in Virginia" an excise tax, and provides that "such tax shall be paid by the person who manufactures said beer." And it also levies "on all beer bottled in Virginia and on all beer sold in Virginia" an excise tax, to be paid by the respective bottlers and wholesalers of the said beer, "if not previously paid."

Sec. 28 of said Act deals with the method and manner of evidencing the payment of said excise tax.

Sec. 188 of the Tax Code does not specifically define what elements make up the "amount of purchases" on which the tax is to be calculated. The only attempt at definition in the statute is a paragraph which prescribes that the word "purchases" as used in the section "shall be construed to include all goods, wares and merchandise received for sale at each definite place of business of every wholesale merchant," and "shall not be construed to exclude any goods, wares and merchandise otherwise coming within the meaning of the said word." Defendant claims that this definition cannot be extended to include an excise tax, that you cannot purchase an excise tax, and if the law-makers had meant for an excise tax to be included in the purchase price they could easily have said so. Doubtless they could, but more construction troubles would probably have been caused by identifying one element and ignoring others—the federal excise tax, for example. It is true, too, that you do not buy an excise tax as such, but you do buy many commodities in the cost of which are included various taxes along with other elements that determine price.

"Amount of purchases", as it seems to us, carries the meaning of being the amount you pay for what you buy, the sum total surrendered in exchange for the thing purchased. Many cost units enter into the purchase price of

things that are bought and sold. Taxes of all kinds, property taxes, privilege taxes, tax on capital, income tax and others are usually elements that are combined with cost of material, labor, insurance, rent and many other items to arrive at the selling price of the article produced, and when the article is bought, the amount of purchase is the total sum of money the buyer parts with to get the article, regardless of what proportion of that amount is taxes and what proportion is labor or material or other cost. And so it has been frequently held. "The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else." *Lash's Products Co.* v. *United States*, 278 U. S. 175, 49 S. Ct. 100, 73 L. Ed. 251.

The tax referred to in that case was collected under the Revenue Act of 1918, levying on "soft drinks, sold by the manufacturer, * * a tax equivalent to ten per centum of the price for which so sold." This tax was collected from the manufacturer on the basis of ten per cent. of the total sum received by it for the goods sold. "But the petitioner had notified its customers beforehand that it paid the ten per cent. tax and it contends that in this way it passed the tax on and that the true price of the goods was the sum received less the amount of the tax." Mr. Justice Holmes answered that contention this way (278 U. S., at p. 176):

" * * The phrase 'passed the tax on' is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. * ** The purchaser does not pay the tax. He pays or may pay the seller more for the goods because of the seller's obligation, but that is all. Still the question as to the meaning of the statute remains.

"The petitioner supports its position by a regulation of the Commissioner that when the tax is billed as a separate item it is not to be considered as an increase in the sale price. Naturally a delicate treatment of a tax on sales might seek to avoid adding a tax on the amount of the tax. But it is no less natural to avoid niceties and to fix the tax by the actual price received. Congress could do that as properly as it could have added one-tenth to the

tax on the price as fixed by the other items determining the charge to the buyer. The price is the total sum paid for the goods. The amount added because of the tax is paid to get the goods and for nothing else. Therefore it is part of the price, and if the statute were taken literally, as there would be no reason for not taking it if it were now passed for the first time, there might be difficulty in accepting the Commissioner's distinction even if the tax were made a separate item of the bill."

Here also the tax is made the obligation of the manufacturer of the beer, and "shall be paid by the person who manufactures the said beer." Sec. 27(a), A. B. C. Act. The tax on "all beer bottled in Virginia and on all beer sold in Virginia" becomes payable by the wholesaler only "if not previously paid" by the manufacturer. Sec. 27(b). And any manufacturer who sells beer to wholesalers without affixing the required stamps, crowns or lids that are evidence of the payment of the tax is guilty of a misdemeanor. Sec. 28(i). Subsections (h) and (j) emphasize that it is the purpose to make the payment of this excise tax the primary obligation of the manufacturer, located either in Virginia or outside of Virginia. The obligation of the wholesaler and retailer is secondary and attaches only in case the manufacturer has failed to discharge his obligation, which he might do if beyond the reach of process.

In *People* v. *Werner*, 364 Ill. 594, 5 N. E. (2d) 238, the claim was made that the federal excise tax on gasoline should be excluded in computing the Illinois Retailers' Occupation Tax, which was a three per cent tax on gross receipts of sales of tangible personal property at retail. The court denied the claim and in this language effectively answered the argument made here:

" * * No excise tax is imposed upon or paid by the retailer of gasoline. It may be true that the federal excise tax upon gasoline which is paid by the producer or importer is, upon its sale to the retailer, added to the cost of the product as a separate charge, in the same manner as transportation, delivery, insurance, or other charges are added.

The itemization of these separate charges, or any of them, in the invoices sent by the producer or importer to the retailer, does not change the fact that the producer or importer has paid the tax to the federal government and has thereby, in effect, raised the cost of the gasoline to the retailer. The federal excise tax has therefore made the gasoline cost one cent per gallon more to the retailer, just as import and other taxes levied by the federal government are added to the price of cigars, cigarettes, clothing, or automobiles sold by producers or importers to retailers. The retailer, whether of tobacco, gasoline, clothing, or automobiles, has no duty or burden of collecting or paying over to the federal government any manufacturer's, importer's, or excise taxes—they have already been paid before he gets the article, and they are as much a part of the cost to him as are freight, express, insurance, or other charges which enter into and increase the cost of such articles. When either the tobacco, the gasoline, the clothing, or the automobile is sold, the retailer recoups himself against loss when he gets at least as much as he had paid for the article, regardless of how much federal or other taxes may have been paid at different stages by the processors, importers, or manufacturers who preceded him in its ownership."

To the same effect are *Pure Oil Co.* v. *State*, 244 Ala. 258, 12 So. (2d) 861, 148 A. L. R. 260; *Merchants Cigar, etc., Co.* v. *Birmingham*, 245 Ala. 587, 18 So. (2d) 137; *Vause & Striegel* v. *McKibbin*, 379 Ill. 169, 39 N. E. (2d) 1006; *Consolidated Distributors* v. *Atlanta*, 193 Ga. 853, 20 S. E. (2d) 421.

In the case last named the question was whether the excise taxes paid to the federal and state governments should be included in calculating an *ad valorem* tax assessed by Atlanta on the stock of liquors of a wholesale liquor dealer. The Georgia court said such taxes must be included as an element in assessing the value of the liquor. "In determining the cost to the dealer, it is immaterial whether he or the manufacturer paid the stamp tax under the arrangement

between them, since in either event the amount paid became part of the actual cost to the dealer."

 Defendant admits that it is proper to include the federal excise tax in the cost of the beer to determine its wholesale license tax, because, it says, the federal tax is on the manufacture, while the State tax is on the sale; that the federal tax attaches before sale, is "buried in the purchase price" and not separately billed. The distinction is difficult to discern. Under the federal statute (26 U. S. C. A. Int. Rev. Code, section 3150) the tax is levied "on all beer * * brewed or manufactured and sold, or removed for consumption or sale, within the United States, * * ." The State statute, as we have seen, levies the tax on all beer manufactured in Virginia, and, if not previously paid, on all beer bottled and sold in Virginia. All manufacturers are required to affix the stamps or crowns, and those out of the State must do so before offering the beer for sale in the State. Whether the tax is on the manufacture or on the sale, the obligation to pay it is the obligation of the manufacturer, who must affix evidence of payment before he delivers to the wholesaler, and who incurs a penalty if he does not do so; and whether he invoices the amount of it to the wholesaler separately or "buries it in the price", the dollars and cents result to the wholesaler is the same, and the amount of his purchase is the total amount he pays to get the beer.

This conclusion is in no wise in conflict with *Southern Biscuit Co.* v. *Lloyd*, 174 Va. 299, 6 S. E. (2d) 601. In fact, it may be said of this case, as Mr. Justice Spratley said of that (p. 312): "This is not a case of the buyer putting the seller in funds to pay a tax; but it is a case in which the tax is a part of a composite price to be paid for the product in any event." The question there was whether the plaintiff could recover certain processing taxes under the terms of its contract with the seller. *Bloxom* v. *Henneford*, 193 Wash. 540, 549, 76 P. (2d) 586; and *Whitehill Sand, etc., Co.* v. *State Tax Comm.*, 106 Utah 469, 150 P. (2d) 370, cited by the defendant, are to the point that expenditures made on goods after they are purchased are

not properly part of the purchase price; and *Standard Oil Co. v. State,* 283 Mich. 85, 276 N. W. 908, holds that in the case of retail sales direct from producer to consumer, it was not proper to assess the sales tax payable by the producer on the federal excise tax collected from the consumer, "in view of the fact that the federal excise tax and the State sales tax attach at the instant a sale is made," and, "the federal tax has not become a part of the sale price, but is a fund, which when collected is payable by the manufacturer to the federal government." That tax was not money the producer got for what he sold. The tax here is money the defendant paid for the beer he bought.

■■ Nor does the conclusion result in double taxation or illegal discrimination. The State excise tax paid by the manufacturer, like the federal excise tax, income taxes and other taxes, is reflected in what he charges the defendant for his product. The license tax assessed against the defendant is computed on that total charge. No double taxation is involved in that procedure. The argument on discrimination is based in part on the provision of section 188 of the Tax Code, that a manufacturer may sell the product he manufactures at a separate place of business as a wholesaler, by paying a wholesaler's license based on the cost of manufacture; that the "cost of manufacture" would not include the excise tax, and therefore the manufacturer would pay less for a wholesale license than his competitor who was not a manufacturer. It is argued that the legislature did not intend such a result. It is not beyond dispute that such is the result as to the excise tax; but even so, what was done is often a safe guide to what was intended. Aside from the excise tax, this provision does enable the manufacturer to get his wholesaler's license for less than his competitor who is not a manufacturer, because he will get his goods without the manufacturer's profit, which his competitor cannot do. It may have been thought that the manufacturer who also operates as a wholesaler was entitled to consideration in view of other taxes he paid; but whatever the reason for the distinction, it was one the legislature

had the right to make. *Caskey Baking Co.* v. *Common-wealth*, 176 Va. 170, 10 S. E. (2d) 535.

██ The defendant made approximately two per cent of its purchases from a manufacturer outside of Virginia, to whom it furnished tax-paid crowns, paid for by it, and the amount so paid was not included in the invoice for the beer and not taken into account in computing the license tax. It is argued that since this may be done it was not intended that this tax should be included when the manufacturer pays it and invoices it to the wholesaler. The Commonwealth admits here that this can be done, a view not shared by the Supreme Court of Georgia in *Consolidated Distributors* v. *Atlanta, supra.* However, the general application of a statute is not destroyed by discovering special instances in which it may be avoided. Income tax laws are examples. But if the way to avoid the tax is not followed, the tax applies. The taxpayer "must take the privilege as it is offered." *Lash's Products Co.* v. *United States, supra.*

██ We look here to the transactions as they were. When this defendant bought the beer on the purchase of which this assessment was made, it paid to the manufacturer therefor a sum that included the excise tax which the manufacturer was required to pay, and had paid, and in that case we hold that the amount of the purchase is the sum so paid.

We find no error in the conclusion of the trial court and its judgment is affirmed.

*Affirmed.*