

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 21, 1949

Hon. L. A. Woods
State Superintendent
Department of Education
Austin, Texas

Opinion No. V-858.

Re: The authority of Pampa In-
dependent School District to
assess taxes on liquor on the
retailer's entire cost includ-
ing Federal taxes paid.

Dear Sir:

Your request for an opinion reads:

"We would like to ask if the Pampa Independent
School District is justified in assessing taxes on liq-
uor in retail liquor stores against the entire cost of the
liquor to the dealer which includes the 60% Federal tax
which is attached to the merchandise in the form of tax
stamps."

Section 1 of Article VIII of the Constitution provides:

"Taxation shall be equal and uniform. All prop-
erty . . . . shall be taxed in proportion to its value, which
shall be ascertained as may be provided by law." (Em-
phasis added throughout.)

Section 11 of the same Article provides:

"And all lands and other property . . . . shall be
assessed at its fair value. . . ."

Section 20 of the same Article provides:

"No property of any kind in this State shall ever
be assessed for ad valorem taxes at a greater value
than its fair cash market value nor shall any board of
equalization of any county or political subdivision or
taxing district within this state fix the value of any prop-
erty at more than its fair cash market value."

Article 7147, V. C. S., provides in part:

"Personal property, for the purposes of taxation,
shall be construed to include all goods, chattels and

effects, and all moneys, credits, bonds and other evidences of debt owned by citizens of this State."

Article 7149, V. C. S., in defining the term "value" provides:

"The term, 'true and full value' wherever used shall be held to mean the fair market value, in cash, at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale."

Article 7174, V. C. S., provides in part:

"Personal property of every description shall be valued at its true and full value in money."

School districts do not have the inherent or implied power to tax. However, the authority to levy and collect taxes for the support and maintenance of the public free schools has been conferred by grants contained in the Constitution and statutes.[1] The taxing powers conferred on the school districts include the power to tax personal property as well as realty.[2]

It is clear from the constitutional and statutory provisions above mentioned that the standard or basis for the valuation of personal property for tax purposes is that of the fair cash market value of the property.[3]

The valuation of a specific piece of property is to a large extent a question of fact. In determining the fair or reasonable market value of the property the element of cost to the taxpayer may be considered. However, the market value of any given piece of property tends to fluctuate over a period of time and consequently it is the selling price of the property rather than the cost which should be the determining factor.

We now pass to that part of your question in which you are primarily interested: The legality of the inclusion of Federal taxes as a part of the fair market value of liquors stocked by retail liquor dealers for ad valorem tax purposes.

---

[1] Tex. Const. Art. VII, Secs. 3, 3a; Art. XI, Sec. 10; Art. 2815g-7, Sec. 2, V. C. S.; 37 Tex. Jur. 990, Schools, Sec. 115.

[2] 40 Tex. Jur. 29, Taxation, Sec. 15.

[3] 40 Tex. Jur. 148-154, Taxation, Sec. 108-109.

Hon. L. A. Woods, Page 3 (V-858)

The Federal tax stamps attached to the merchandise of the retail liquor dealers evidence the payment of the internal revenue taxes on alcoholic liquors under the United States Internal Revenue Laws.[4] It is well settled that neither the State, nor its political subdivision, has the power to tax the property of the United States or any Federal instrumentality or agency when such tax would operate as a direct burden on the governmental interest affected.[5] However, the tax on distilled spirits is paid by the distiller or manufacturer as soon as it is produced,[6] and the retailer neither directly collects nor pays the internal revenue taxes on the distilled spirits.

The Supreme Court of Georgia held in a recent opinion that a municipality could lawfully include the amount of Federal and State taxes as an element in the value of the liquor for tax purposes and that such inclusion was not a tax on the taxes already paid. Consolidated Distributors, Inc., v. City of Atlanta, 193 Ga. 853, 20 S.E.2d 421 (1942, cert. den. 317 U.S. 662). The court at page 424 said:

"Such taxes, even though they may in effect have been 'passed on' ultimately to the purchaser by an increase in the purchase-price covering the amount of tax, were an element of cost, first to the dealer and then to the purchaser, by this increased amount which each was required to pay. In determining the cost to the dealer, it is immaterial whether he or the manufacturer paid the stamp tax under the arrangement between them, since in either event the amount paid became part of the actual cost to the dealer. Since the City of Atlanta was authorized under its charter to levy and collect 'an ad valorem tax on all * * * personal property' (Ga.L. 1874, p. 122, Sec. 25), which amount would ordinarily be based on the true market value in the usual course of trade (Code, Sec. 92-4101; 26 R.C.L., Sec. 323), and since in ascertaining such value every fact and circumstance bearing thereon should be considered (State ex rel. Attorney General v. Halliday, 61 Ohio St. 352, 56 N.E. 118, 49 L.R.A. 427), and since liquors on sale without payment of the tax required to make a sale lawful would be illegal and valueless in the ordinary course of trade, but their value would

---

[4] U.S.C.A., Title 26, Ch. 26, Secs. 2800-3045.

[5] 40 Tex. Jur. 24, 31, Taxation, Secs. 11, 16; 51 Am. Jur. 278, Taxation, Sec. 218; Cooley on Taxation (4th Ed. 1924), p. 1286, Sec. 606.

[6] Parrott and Co. v. U. S., 156 F.2d 943 (C.C.A. 9th 1946).

Hon. L. A. Woods, Page 4 (V-858)

be augmented to the extent of such a paid tax, the City in this case was authorized to require that such taxes, increasing to that extent the cost to the dealer, should be included as an element in assessing the value of the liquor. Accordingly, the petitioning wholesale dealer was not entitled to deduct these amounts from the total price paid, upon its contention that such an assessment in effect compelled the dealer to pay a tax upon the government taxes already paid, and not upon the property. The apparently few pertinent decisions seem to support with unanimity this conclusion. Lehman v. Grantham, 78 N.C. 115, 116 (88, 89); Williams v. Iredell County Commissioners, 132 N.C. 300, 43 S.E. 896, 897." [7]

It is therefore our opinion that the retail liquor dealers should not be permitted to deduct the amount of the Federal taxes on distilled spirits, as evidenced by tax stamps attached to each bottle, in determining the valuation of personal property for the purpose of assessing ad valorem taxes levied by an independent school district.

### SUMMARY

The value of personal property for tax purposes is determined by the fair market value of such property. Tex. Const. Art. VIII, Secs. 1, 11, 20; Arts. 7147, 7149, 7174, V. C. S.

Federal internal revenue taxes collected on distilled spirits held as stock in trade by retail liquor dealers should not be deducted from the fair market value of the property for ad valorem tax purposes. Consolidated Distributors, Inc. v. City of Atlanta, 193 Ga. 853, 20 S.E.2d 421 (1942, cert. den. 317 U.S. 662).

Yours very truly

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By *Frank Lake*

Frank Lake
Assistant

FL/mwb

---

[7] See also S. & L. Straus Beverage Corporation v. Commonwealth, 185 Va. 1055, 41 S.E.2d 76 (1947); Gruen Watch Co. v. Evatt, 143 Ohio St. 461, 55 N.E.2d 794 (1944).