## PIERCE & HEBNER, INC. *v.* STATE TAX COMMISSION OF MARYLAND

[No. 60, October Term, 1949.]

*Decided January 12, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*William C. Walsh,* with whom were *Miles, Walsh, O'Brien & Morris* on the brief, for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Pierce & Hebner, Inc., a dealer at wholesale in wines and distilled spirits, appellant,

from a decree of Circuit Court No. 2 of Baltimore City, affirming the action of the State Tax Commission of Maryland in assessing for the year 1947 its tangible personal property at $571,380. Of this amount the sum of $347,420.75 represents the Federal Excise Tax on distilled spirits paid by the distiller. This merchandise was purchased by the appellant from the distiller with the federal stamps affixed to the bottles.

The question before us is whether this $347,420.75, the Federal Excise Tax represented by federal stamps purchased by the distiller and affixed to each bottle of distilled spirits, should be excluded from the assessment of appellant's "stock in business" as made by the State Tax Commission. The appellant so contends.

This assessment was made pursuant to the provisions of Code (1947 Supplement) Article 81, Section 6 (6), providing for the assessment of "the stock in business of every * * * corporation engaged in any * * * commercial business in this State * * *" and Article 81, *supra,* Section 10(b) (5), providing for the assessment of "Tangible personal property belonging to any [ordinary business] corporation, domestic or foreign." By the provisions of Article 81, (1939 Code), Section 11, this property should be assessed "at the full cash value thereof". By Title 26 U. S. C. A. § 2800(a) (1) and by the War Tax Act, Title 26 U. S. C. A. § 1650, a tax of $9 is levied on each approved gallon of distilled spirits produced in the United States. By Title 26 U. S. C. A. § 2800 (b), this tax is to be paid by the distiller when the spirits are withdrawn from bond. Without the federal stamps the distilled spirts could not be sold, and the stamps remain on the bottles until the spirits reach the ultimate consumer.

The appellant relies strongly on the case of *F. Strauss & Son, Inc., v. Coverdale, Assessor, et al.,* 205 La. 903, 18 So. 2d 496, (Louisiana) (decided May 22, 1944), which is in point and which holds with appellant's contention that the Federal Excise Tax here in question should be excluded in the assessment of the liquor at

"the actual cash value". That Court, with one judge dissenting, disagreed with the Supreme Court of Georgia in the case of *Consolidated Distributors, Inc. v. City of Atlanta,* 193 Ga. 853, 20 S. E. 2d 421, decided April 16, 1942, which involved the identical question before the Louisiana Court. In so holding the Louisiana Supreme Court said, 18 So. 2d at page 498: "The federal revenue statute does not state that there shall be a tax on the distillation or manufacture of liquor; no license for the privilege of distilling or manufacturing that product, predicated on the gross receipts of the distiller's business, is thereby imposed. Rather, the statute provides that there shall be a tax levied and collected on *all distilled spirits.* This, in our opinion, clearly is in effect the imposition of a purchase or use tax on liquor, with the burden of paying it being placed solely on the ultimate consumer." One of the grounds on which this opinion was based was that the tax was to be paid only when the liquor was taken from bond, not immediately upon its being manufactured or distilled. With the conclusion of the Louisiana Court we do not agree.

The case of *Lash's Products Co. v. U. S.,* 278 U. S. 175, 176, 49 S. Ct. 100, 73 L. Ed. 251, involved a tax on soft drinks equivalent to ten percentum of the price for which they were sold by the manufacturer. (Act of February 24, 1919, Chap. 18, Paragraph 628, 40 Stat. 1057, 1116.) The manufacturer notified its customers beforehand that he paid this 10% tax and therefore contended that in this way it passed the tax on and the true price of the goods was the sum received less the tax. Justice Holmes in that case pointed out that the price is the total sum paid for the goods and that the amount added, because of the tax, is paid to get the goods and for nothing else, and therefore, it was a part of the price. He said: "The phrase 'passed the tax on' is inaccurate, as obviously the tax is laid and remains on the manufacturer and on him alone. *Heckman & Co. v. I. S. Dawes & Son Co.,* 56 App. D. C. 213, 12 F. 2d 154. The purchaser does not pay the tax. He pays or may pay the seller more

for the goods because of the seller's obligation, but that is all." See also *Los Angles Warehouses Co. v. American Distilling Co.*, 139 P. 2d (Cal.) 641.

In the case of *Gruen Watch Co. v. Evatt, Tax Commissioner,* 143 Ohio St. 461, 55 N. E. 2d 794, 795, (decided June 21, 1944), the tax assessment included import duties paid on watch movements. The claim was made that the amount of these duties should be excluded from the assessment for the purpose of taxes. The Ohio statute, Gen. Code, § 5389, fixed the standard of assessment as "the then true value of such property in money." The Ohio Supreme Court there held that the watch movements having been brought from Switzerland to Ohio their value was affected by the expenses of transportation, customs duties and other incidental charges which were not deductible from the assessment.

The case of *Consolidated Distributors, Inc., v. City of Atlanta,* 193 Ga. 853, 20 S. E. 2d 421, *supra,* decided April 16, 1942, is directly in point. In that case the Georgia Supreme Court pointed out that the federal tax here in question was payable before the liquor could legally pass into the hands of dealers or purchasers, and although the tax may be "passed on" ultimately to the purchaser by an increase in the purchase price to cover that tax it was an element of cost, first to the dealer and then to the purchaser. The Court held that as no sale of the liquor could be made without the payment of the tax and such liquor would be without value in the ordinary course of trade, it was an element in the cost to the dealer and should be included in assessing the value of the liquor. One of the cases relied on by that Court was the case of *Lash's Products Co. v. United States,* 278 U. S. 175, 49 S. Ct. 100, 73 L. Ed. 251, *supra.*

In the case of *Todd Cigarette Service Company v. State Tax Commission* (Daily Record, May 17, 1944) Judge Henderson, then sitting in the Circuit Court of Baltimore City, held that the federal tax imposed upon cigarettes was correctly included in the property assessment. He cited the case of *Consolidated Distributors,*

*Inc., v. City of Atlanta, supra.* He pointed out that the federal tax on cigarettes is imposed on the product as soon as it takes the manufactured form, which was a characteristic of a tax imposed upon the privilege of manufacturing an article.

The appellant in his brief, in discussing the case of *Todd Cigarette Service Co. v. State Tax Commission, supra,* says: "In the first place it should be noted that the federal tax on cigarettes is imposed on the product as soon as it takes its manufactured form—a characteristic of a tax imposed on the privilege of manufacturing an article. This is not true of the Federal Excise Tax on Distilled Spirits where the tax is imposed at the time the liquor is released from the bonded warehouse, which may be years after it has been manufactured."

We are of opinion that 26 U. S. C. A. § 2800 (c) is a complete answer to appellant's contention and characterizes the tax here in question as one on the privilege of manufacturing the distilled spirits. That section provides: "Tax. (c) Time of attachment. The tax shall attach to distilled spirits, spirits, alcohol or alcoholic spirit, within the meaning of subsection (b) of Section 2809, [Distilled spirits], *as soon as this substance is in existence as such, whether it be subsequently separated as pure or impure spirit, or be immediately, or at any subsequent time, transferred into any other substance, either in the process of original production or by any subsequent process.*" (Italics supplied here). The tax on cigarettes is to be paid by the manufacturer. Here also the tax is to be paid by the distiller. 26 U. S. C. A. § 2800 (b) (2). As the tax here in question is imposed on the spirits as soon as it is in existence as such, we are of the opinion that this is not a use tax as found by the Louisiana Court, but is one on the privilege of manufacturing the spirits. As found in the case of *Consolidated Distributors Inc., v. City of Atlanta, supra,* the value of the liquor here in question was augmented to the extent of the tax paid by the distiller and that tax should not be excluded as a part of "the full cash value."

The appellant further contends that long administrative practice and a formal ruling of the State Tax Commission, in excluding the Federal Excise Tax on distilled spirits in assessing their value for property tax purposes, should not now be repudiated. The question now before us in this case was presented to the State Tax Commission among other questions in the Matter of the Assessment of Certain Distilled Spirits, Daily Record, December 2, 1937. The only comment by the Commission on that question was at the very end of the opinion, where it was said: "However, we are impressed with the argument that the payment of the Federal Tax of $2 does not enhance the value of liquor, so to this extent we will modify the assessment." The appellee admits "that since 1937, and possibly prior to that date, down to and including the year 1946, the State Tax Commission assessors did follow the practice of not including the Federal Excise Tax on distilled spirits in assessments against the wholesalers."

It is true that this Court has stated many times that the unvarying construction of a statute for a long period of time should not be disregarded except for the most imperious reasons. *Baltimore City v. Johnson,* 96 Md. 737, 746, 54 A. 646, 61 L. R. A. 568; *Mayor and City Council of Baltimore v. Machen,* 132 Md. 618, 624, 104 A. 175; *Hess v. Westminster Savings Bank,* 134 Md. 125, 132, 106 A. 263. However, this Court has also frequently stated that even if there has been an unvarying practice we will not sanction a method of calculation which "would tolerate an evasion of taxes". *Bouse v. Hutzler,* 180 Md. 682, 687, 26 A. 2d 767, 141 A. L. R. 843. As said by this Court in the case of *Rogan et al. v. Baltimore & Ohio Railroad,* 188 Md. 44, at page 57, 52 A. 2d 261, at page 268, involving a tax against the Baltimore & Ohio Railroad Co. "* * * the railroad company was not given a vested right to a perpetual method of computation." *Atkinson v. Sapperstein,* 191 Md. 301, 60 A. 2d 737, 741. We see no reason to allow a former error of the State Tax Commission to overcome what

we deem to be the intended method of assessment and thereby allow an evasion of taxes.

In the case at bar for the reasons herein given we are of the opinion that the Federal Excise Tax here in question was an essential element in the "actual cash value" of the liquor assessed. The decree will be affirmed.

*Decree affirmed, with costs.*