ROBERTS, Justice.
We have for review an ad valorem tax assessment question involving the taxable value of alcoholic beverages held by a wholesale liquor and wine distributor as stock in trade prior to sale. Atlantic Liquor Co., Inc., respondent and cross-petitioner here, initiated this litigation by contesting in Circuit Court, Dade County, the right of Dade taxing authorities to include in their assessment of Atlantic’s personal property the face value of state and federal tax stamps affixed to bottles and other beverage containers held in inventory.
The Circuit Court entered a final judgment based upon stipulated pleadings, there being no factual issues in contest, which established the following taxing standards: (1) The intrinsic value of domestic alcoholic beverages without addition of any excise taxes is taxable for ad valorem purposes; (2) The amount of federal excise taxes on domestic alcoholic beverages in bond is not taxable; (3) The amount of federal excise taxes on domestic alcoholic beverages not in bond is taxable; (4) The amount of state excise taxes paid and represented by state stamps affixed to alcoholic beverages in bottles and containers is taxable; (5) The amount of state excise taxes already paid by the manufacturers or distributors on the basis of gal-lonage on domestic alcoholic beverages is taxable; and, (6) The amount of state excise taxes due on a gallonage basis but not yet paid by the manufacturer or distributor is not taxable.
Atlantic, contending that no affixed excise stamp value was properly includable as an assessable element of value, appealed this final judgment to the District Court of Appeal, Third District. Through a decision reported at 233 So.2d 851 (3rd D.C.A. Fla.1970), the District Court affirmed as to the inclusion of the federal stamp value when the beverage was out of bond, but reversed as to the assessment of the state stamp value on any stamped beverage held in stock. This decision was certified as one “passing upon a question of great public interest” under Article V, Section 4 (2), Florida Constitution, F.S.A., thereby vesting this Court with jurisdiction following petition by the litigants. The Dade taxing authorities, petitioners and cross-respondents here, assert that the Circuit Court’s final judgment was correct in all respects; Atlantic, respondent and cross-petitioner, urges that the District Court erred by failing to reverse the entire final judgment. Several alcoholic beverage interests have filed briefs as amicus cuyiae favoring Atlantic’s position. Through our opinion today, we agree with the taxing authorities and reinstate the final judgment as rendered by the Circuit Court below.
The taxing authorities included the face value of affixed state and federal tax stamps in their assessment of Atlantic’s stock in trade in 1967 pursuant to directives contained in the Florida Tax Assessor’s Guide compiled by the State Comptroller under authority of F.S. § 192.31, F.S.A. The edition of the Guide in effect in January, 1967, provided on page 105 that assessments of alcoholic beverages should include state and federal excise taxes that may be included in the purchase price because, “Where property comes to the taxpayer burdened by taxes or duties previously paid, such taxes and duties become part of the valuation of such property (citations omitted).”
Atlantic challenges the procedure recommended by the Comptroller on grounds both broad and narrow. Taking the broad issues first, Atlantic contends that it has been deprived of due process and equal protection of the law. The due process issue stems from Atlantic’s assertion that the tax stamps represent an excise which is exacted at the time of sale, the impost being based upon the transaction and not upon distillation or possession prior to sale; if this is so, then to levy an ad valorem tax upon the value of the stamp which is not assessable until affixed, and since the pertinent statutory provisions provide no precise time for affixing stamps save to say that it must be *231 done prior to the time of sale, Atlantic alleges that it is discriminated against because it chooses to have the manufacturer place its stamps upon beverage merchandise prior to delivery by the manufacturer. Since Atlantic would be taxed for having stamped merchandise in stock, whereas another distributor might decide to withhold stamping until immediately prior to sale and thus evade being assessed for the value of the stamps, the assessing practice in question denies Atlantic equal protection under law.
These broad arguments are buttressed with several specific arguments, among them the following: (1) The Legislature intended that the beverage excises be considered as taxes upon the first sale, i. e., the distributor collects the taxes as part of the purchase price; (2) When the distributor pays the tax in advance of sale, it does so as merely a matter of administrative convenience; (3) F.S. § 561.47(1), F.S.A., allows the distributor to purchase stamps with a discount of two cents on the dollar; this is a method of reimbursing the distributor for tax collecting efforts; (4) F.S. § 561.15, F.S.A., requires stamps as an incident of possession for all beverage holders except manufacturers and distributors, thus indicating that the taxes are not on possession or distillation, but upon sale. Finally, Atlantic cites as support for its position a case directly on point decided by the Louisiana Supreme Court, F. Strauss & Son, Inc. v. Coverdale, 205 La. 903, 18 So.2d 496 (1944), and a favorable Florida Attorney General Opinion, No. 067-18 (April 7, 1967).
We will respond to Atlantic’s arguments directly without first setting out the views of the taxing authorities because our position reflects that taken by the authorities. We agree with both the Circuit Court and the District Court that the affixed federal stamps are assessable because the applicable federal tax statute clearly levies the tax upon alcoholic beverages as soon as they come into existence. Payment of the tax may be postponed for a limited period during which the beverage may be under bond, but upon removal from bond the excise is due. See 26 U.S.C.A., Section 5001(b). In the case of Schenley Distillers, Inc. v. United States, 255 F.2d 334 (3rd Cir. 1958), the Circuit Court of Appeals recognized that the federal tax was imposed upon distillation; this made it a production tax, and not a direct prop-perty tax for the purpose of federal income taxation. Being a production tax, the tax is viewed as a cost of manufacturing, payment of which increases the value of the product so taxed, thus rendering the federal tax stamp liable for ad valorem assessment. Atlantic’s cross-petition, which contests valuation of the federal stamps for beverages out of bond, is without merit.
Turning to the state tax stamp question, we note first that pertinent statutory provisions of Chapter 561, Florida Statutes, F.S.A., place the burden of excise stamps upon manufacturers and distributors, and not upon the purchaser. F.S. § 561.47, F.S.A. provides that stamps be sold only to distributors, and that the distributors then become obligated and required to affix the stamps before the alcoholic beverages can be sold. F.S. § 561.-46, F.S.A. requires that the various excises be paid by the distributors and manufacturers. In the case of State v. Green, 174 So.2d 546 (Fla.1965), this Court opined that F.S. § 561.47, F.S.A. clearly imposed the excise tax burden upon the manufacturer and distributor and that this Legislative intent was emphasized by repeal in 1963 of a statutory amendment enacted in 1961 (Ch. 67-271, Laws of Florida 1961) which specifically identified the excise as a consumer tax. It should also be noted that F.S. § 561.46, F.S.A., which was in effect at the time of the assessment under attack, provides that alcoholic beverages containing less than 14% of alcohol by weight are taxed not by stamps but by gal-lonage determined by periodic inventory. The significance of this is that this method of taxation is clearly unrelated to the time of sale. Taking these and other related *232 statutes under Chapter 561 together for consideration, we conclude that the beverage taxes are costs of manufacture and distribution which add value to the stamped beverage. These taxes are incidents of preparation essential to creation of a salable product, and as such their value adheres to the value of the merchandise to which the excise stamps are affixed.
The increased cost of the merchandise resulting from the stamps being affixed is naturally reflected in an increase in cost to the purchaser, but this is a secondary effect similar in nature to increases resulting from increased labor costs, increased material costs or even increased social security costs. This was the Attorney General of Florida’s opinion, at least as to federal excise taxes; see Attorney General Opinion No. 049-449 (September 22, 1949). The cost to the purchaser, known as the invoice cost, which secondarily includes the increase in price due to the beverage taxes, was one of the elements which assessors were to take into consideration in 1967 in determining the just valuation of stock in trade under F.S. § 192.05(3), F.S.A. It still is, of course, and in fact the statutory section involved has been expanded since 1967 by addition of F.S. § 192.05(3) (g), F.S.A., which empowers the Comptroller to promulgate whatever regulations he deems necessary to insure the uniform application of the stock in trade assessment statute. But limiting ourselves to the statutory directives applicable in 1967, we find that the Comptroller was acting pursuant to valid authority when he announced in the Florida Tax Assessor’s Guide that alcoholic beverages were to be assessed with reference to the stamps they bore since these stamps were part and parcel of the invoice costs.
The position we now take is in accord with the weight of authority, such as it is, regarding the assessment of beverage stamp valuation. It is true, as Atlantic asserts, that Louisiana has reached a different conclusion in a case directly on point, F. Strauss & Son, Inc. v. Coverdale, supra, but our holding is supported by Pierce & Hebner, Inc. v. State Tax Commission, 194 Md. 254, 71 A.2d 6 (1950) [federal tax assessable], Consolidated Distributors, Inc. v. City of Atlanta, 193 Ga. 853, 20 S.E.2d 421 (1942) [federal stamps assessable], Los Angeles Warehouse Co. v. American Distilling Co., 22 Cal.2d 402, 139 P.2d 641 (1943) [federal stamps assessable], Cass v. Colorado Beverage Co., 122 Colo. 101, 220 P.2d 867 (Colo.1950) [state and federal stamps assessable], and S. & L. Straus Beverage Corp. v. Commonwealth, 185 Va. 1055, 41 S.E.2d 76 (1947) [state stamps assessable].
For the reasons stated, the decision of the District Court here reviewed is quashed, and the cause is remanded with directions to the District Court to affirm the decision of the trial court.
It is so ordered.
ERVIN, C. J., DREW and CARLTON, JJ., and MURPHREE, Circuit Judge, concur.