**ROBERT WILLIAMS & CO., INC.,**
Plaintiff-Appellant,

v.

**STATE TAX COMMISSION OF MISSOURI**
et al., Defendants-Respondents.
and
**ST. JOHN'S LIQUOR STORES, INC.,**
Plaintiff-Appellant,

v.

**STATE TAX COMMISSION OF MISSOURI**
et al., Defendants-Respondents.

Nos. 57308, 57309.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

Robert C. Jones, Robert Hickel, Ziercher, Tzinberg, Human & Michenfelder, Clayton, for plaintiffs-appellants.

George F. Gunn, Jr., St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, James H. White, Associate County Counselor, Clayton, for respondents.

William P. Wright, Missouri Wine and Spirits Association, Inc., Jefferson City, for amicus curiae.

FRED E. SCHOENLAUB, Special Judge.

Robert Williams & Co., Inc., a wholesale liquor distributor, and St. John's Liquor Stores, Inc., a retail dealer in liquor, tobacco and sundries, appeal from judgments of the Circuit Court of St. Louis County affirming decisions of the Tax Commission of Missouri in which the Tax Commission approved the method used by the St. Louis

County Board of Equalization in setting the value for tax purposes, of appellants' inventories. The two actions were consolidated for argument and briefing.

The tax with which these appeals are concerned is provided for in § 150.040, RSMo 1969, V.A.M.S., requiring payment by all merchants of an ad valorem tax "equal to that which is levied upon real estate, on the highest amount of all goods, wares and merchandise which they may have in their possession or under their control . . . at any time between the first Monday in January and the first Monday in April in each year." The state and federal taxes claimed by appellants to have been improperly included in their assessments are found in §§ 5001 and 5701 Internal Revenue Code and §§ 149.020 and 311.550, RSMo 1969, V.A.M.S. Sections applicable to this appeal are as follows:

Section 5001(b) IRC: *"Time of Attachment on Distilled Spirits.* The tax shall attach to distilled spirits as soon as this substance is in existence as such, whether it be subsequently separated as pure or impure spirits, or be immediately, or at any subsequent time, transferred into any other substance, either in the process of original production or by any subsequent process."

Section 5703(a) IRC: *"Liability for Tax.*

*(1) Original Liability.—*The manufacturer or importer of tobacco products and cigarette papers and tubes shall be liable for the taxes imposed thereon by section 5701."

Section 311.550(3), RSMo 1969, V.A.M.S.: "The person who shall first sell such liquor to any person in this state shall be liable for the payment."

Section 149.020(2), RSMo 1969, V.A.M.S.: "This tax shall be paid by affixing stamps in the manner and at the time set forth in this chapter. The stamps shall be affixed to each individual package of cigarettes by the person who first

sells the cigarettes within this state. All cigarettes must be stamped before being sold in this state."

Mo.Const. Art. X, §§ 3 and 4(b), V.A.M.S., which control taxation of all property in Missouri, Boonville National Bank v. Schlotzhauer, 317 Mo. 1298, 298 S.W. 732, 737 (1927), require that all real and tangible personal property be assessed for tax purposes at its value or such percentage of its value as may be fixed by law. This has been held to mean that such property must be assessed on the basis of "actual or real value." General American Life Ins. Co. v. Bates, 363 Mo. 143, 249 S.W.2d 458 (1952) and State ex rel. U. S. Bank v. Gehner, 319 Mo. 1048, 5 S.W.2d 40, 45 (1928). Citing § 53.030, RSMo 1969, V.A.M.S., requiring county assessors to value all property at its actual cash value, appellants argue that the "actual cash value," or the "true value in money," of the products here involved is the product cost itself, exclusive of taxes assessed by, collected for, and paid to other jurisdictions.

Appellants also rely on F. Strauss & Son v. Coverdale, 205 La. 903, 18 So.2d 496 (1944), holding that the federal revenue tax on liquor, although paid by the distiller, was in effect the imposition of a purchase or use tax on liquor, with the burden of paying being placed solely on the ultimate consumer. The Louisiana Supreme Court held the tax to be separate from the cost of the liquor and that the Tax Commission was without authority to increase the assessment to the extent of the liquor tax paid to the distiller, such an increase being in effect the imposition of a tax on a tax. The reasoning advanced by the Louisiana Court has been rejected by all other courts to which this question has been presented.

In Pierce & Hebner, Inc. v. State Tax Commission, 194 Md. 254, 71 A.2d 6, (1950), the Maryland Court of Appeals reviewed most of the earlier decisions on this question, rejected the conclusions reached

in F. Strauss & Sons, Inc. v. Coverdale, supra, and held that federal liquor taxes augment the value of the liquor to the extent of the tax and should be included as part of "the full cash value" of the liquor for state tax assessment purposes. The same result was reached in Cass v. Colorado Beverage Co., 122 Colo. 101, 220 P.2d 867 (1950), where it was held that both federal and state liquor taxes should be considered as part of the cost of distilled spirits. To like effect see Liggett & Myers Tobacco Co. v. United States, 299 U.S. 383, 57 S.Ct. 239, 81 L.Ed. 294 (1936) (federal tobacco taxes); Lash's Products Co. v. United States, 278 U.S. 175, 49 S.Ct. 100, 73 L.Ed. 251 (1929) (federal soft drink tax); Gruen Watch Co. v. Evatt, 143 Ohio St. 461, 55 N.E.2d 794 (1944) (federal import duties); Consolidated Distributors, Inc. v. City of Atlanta, 193 Ga. 853, 20 S.E.2d 421 (1942) (federal liquor taxes); Dade County v. Atlantic Liquor Co., 245 So.2d 229 (Fla.1970) (federal and state liquor taxes); Los Angeles Warehouse Co. v. American Distilling Co., 22 Cal.2d 402, 139 P.2d 641 (1943) (federal and state liquor taxes); S. & L. Straus Beverage Corp. v. Commonwealth, 185 Va. 1055, 41 S.E.2d 76 (1947) (state liquor taxes).

In Chicago, Burlington & Quincy R. R. v. State Tax Commission, 436 S.W.2d 650, 656 (Mo.1968), this court recognized assessments as being no more than estimates, there being no such thing as absolute "true value," "true cash value," or "actual cash value." Citing Bouvier Law Dictionary, P. 1209, "actual cash value" was there held to be the amount of cash that goods will bring on the market. To like effect see Myers v. American Indemnity Company, 457 S.W.2d 468, 471 (Mo.App.1970) and Akers v. Division of Welfare, 224 S.W.2d 850, 853 (Mo.App.1949).

In Missouri, as in the other states which have considered this question, tobacco and liquor cannot be sold without payment of both federal and state taxes thereon. Sections 311.550(3) and 149.020(2) RSMo

1969, V.A.M.S. Without payment of the taxes, their sale would be illegal and they would be valueless. Payment of the taxes being essential to the creation of a salable product and the amount of the taxes paid constituting money invested in the merchandise, they were properly included in the valuations of appellants' inventories.

Appellants also contend that they were deprived of their property without due process of law in violation of the U.S. Const. Amends. V and XIV and Mo.Const. Art. I, § 10 in that federal and state taxes were included in their inventory valuations but excluded from the inventory valuations of gasoline dealers, constituting an unreasonable classification as between identical members of a class.

Norbert M. Heman, St. Louis County License Director, testified that field representatives from his office make annual visits to the businesses of St. Louis County for the purpose of estimating the value of the merchant inventories. The field representatives attempt to arrive at "fairly representative estimates" using all information made available to them, such information varying from business to business, depending on the cooperation of the merchant and the information available at each location. Inventory records, ledgers and retail prices reduced to cost are used with no allowance being made for "taxes, shipping costs or anything else." The estimates are then compared with the inventory reports submitted by the merchants. Heman further testified that in most cases book inventory is submitted by the merchant and accepted by his office, and that in ninety-nine percent of the cases federal and state taxes are either reflected in the reports or attached to them. If there is a wide variance between the field estimate and the merchant's report, negotiations are entered into between his office and the merchant to determine the more accurate figure. If the merchant can substantiate his report it is accepted. If discrepancies are found in his report, he is afforded an opportunity to file an amendment.

In the case of gasoline dealers, the estimates are made at a flat sixteen cents per gallon for all grades of gasoline on the dealer's full tank capacity. This guideline was recommended by the St. Louis County Board of Equalization to compensate for the fact that gasoline storage tanks, to allow for expansion, are filled to no more than seventy-five or eighty percent of capacity and that the tanks of many dealers are often kept at considerably less than the seventy-five to eighty percent capacity. As with other merchants, these estimates are used only when a gasoline dealer's report is challenged. Reports containing substantiated actual book value, including taxes, are accepted. If it is determined that any merchant, including gasoline dealers, has reduced his book inventory by the amount of taxes paid the report is rejected.

Although, as conceded by respondent, several different methods are used in estimating inventory value, such is dictated by the varying nature of the businesses assessed. The estimates are, however, used only as checks against the inventory reports filed by the merchants, which reports, whether they be those of liquor, tobacco, gasoline, or any other merchant, contain inventory values reflecting federal and state taxes. The method of assessing is uniform among all merchants and does not constitute an unreasonable classification as between identical members of a class.

Missouri Wine and Spirits Association, Inc., as amicus curiae, contends in its brief that appellants, having paid license taxes on their liquor inventories to the State of Missouri as required by Chapter 311, RSMo 1969, V.A.M.S., these inventories should not have been reported for purposes of merchants' ad valorem taxation. This question was not presented by the parties and is not considered in this opinion. Amicus curiae cannot inject new issues into the case and the court will not pass on contentions urged by an amicus curiae but not presented by the parties. State v. Taylor, 396 S.W.2d 623, 625 (Mo.

banc 1965); Gem Stores, Inc. v. O'Brien, 374 S.W.2d 109, 118 (Mo. banc 1963).

The judgments are affirmed.

HENLEY, P. J., DONNELLY, C. J., and MORGAN, J., concur.

FINCH, J., not a member of Division when cause was submitted.