# E. RAY CORY v. STAFFORD KING AND ANOTHER.[1]

February 11, 1949.

No. 34,777.

[1]Reported in 35 N. W. (2d) 807.

*Gustav C. Axelrod,* for appellant.

*J. A. A. Burnquist,* Attorney General, *George B. Sjoselius,* Deputy Attorney General, and *Charles P. Stone,* Special Assistant Attorney General, for respondents.

THOMAS GALLAGHER, JUSTICE.

Action challenging the constitutionality of L. 1947, c. 634, § 58, subd. 1, under the declaratory judgments act. This statute provides:

"There is hereby transferred to the general revenue fund the sum of $214,330.46 to reimburse the general revenue fund for the cost of collecting the tax on gasoline and gasoline substitutes during the 1945-47 biennium, 2/3rds from the trunk highway fund, and 1/3rd from the state road and bridge fund before that fund has been apportioned and distributed."

Under Minn. Const. art. 9, § 5, the state collects an annual excise tax on gasoline and gasoline substitutes, the proceeds of which are placed two-thirds in the state trunk highway fund and one-third in the state road and bridge fund.

Plaintiff asserts that the challenged statute is violative of Minn. Const. art. 16, creating the trunk highway system, particularly § 2 thereof, which establishes the trunk highway sinking fund, consisting of the proceeds of any tax imposed upon motor vehicles, and which provides:

"* * * The moneys in said fund shall be used for the payment of the principal and interest of any bonds which may be issued under the authority of this article; and any moneys in excess of such requirements shall be transferred to a fund which is hereby created and which shall be known as the trunk highway fund. *The trunk highway fund shall be used solely for the purposes specified in section 1 of this article,* and when duly authorized by legislative enactment to reimburse any county for the money expended by it

subsequent to February 1st, 1919, in permanently improving any road hereinbefore specifically described, * * *." (Italics supplied.)

Section 1 of art. 16, referred to in § 2, art. 16, provides for the *construction, improvement, and maintenance of public highways of the state.*

Gasoline taxes are collected by the petroleum division of the state department of taxation. The petroleum division is in turn divided into two units, one for oil inspection and the other for gasoline tax collections.

The proceeds derived from the collection of inspection fees on petroleum products is sufficient to maintain all expenses of the department. Moneys collected therefrom are turned over to the general revenue fund, and, until the passage of the act in question, the expenses of the entire department were then appropriated from the general funds of the state. L. 1947, c. 634, § 58, subd. 1, here challenged, seeks to transfer to the general revenue fund from the trunk highway fund and the road and bridge fund a sum sufficient to reimburse the general fund for the expenses incurred by the petroleum division of the department of taxation in the collection of the tax on gasoline and gasoline substitutes during the 1945-1947 biennium. This, plaintiff asserts, does not constitute an expenditure for the construction, improvement, or maintenance of the state public highways as required by art. 16, § 1, and, further, the provision of the statute is invalid for the reason that the money collected in the gasoline tax division of the petroleum division of the tax department is ample to pay all expenditures of the division. The trial court in its findings determined:

"7. That the actual cost of operating the gasoline tax division [of the petroleum division of the department of taxation] during the 1945-47 biennium was $216,664.25.

"8. That during the 1945-47 biennium no charge was made for the services rendered to the gasoline tax division by the commissioner of taxation. * * *

\* \* \* \* \*

"10. That the amount of $216,664.25 accurately reflects the cost of collection of the tax upon gasoline and gasoline substitutes during the 1945-47 biennium.

"11. That the amount of $214,330.46, appropriated by L. 1947, Ch. 634, Sec. 58, Subd. 1, is not in excess of the cost of collection of the tax upon gasoline and gasoline substitutes during the 1945-47 biennium."

Based upon such findings, the trial court concluded:

"I.

"That the cost of collecting the tax upon gasoline and gasoline substitutes is a cost of constructing and maintaining the highway system and properly chargeable two-thirds to the trunk highway fund and one-third to the state road and bridge fund.

"II.

"That Laws 1947, Chapter 634, Section 58, Subdivision 1, in so far as it appropriates money from the trunk highway fund and the state road and bridge fund, does not divert funds which are allocated for specific purposes by the state constitution, Article 9, Section 5 or Article 16, from use for the purposes so specified."

From the order denying plaintiff's motion for amended findings and conclusions or for a new trial, this appeal is taken.

On appeal, plaintiff's assignments of error are limited to the following:

"That the Laws of 1947, Chapter 634, Subdivision 1, insofar as it appropriates money from the trunk highway fund, is illegal and void and contrary to the provisions of the Constitution of the State of Minnesota."

■ Plaintiff does not challenge the sufficiency of the evidence to sustain the trial court's findings as above set forth; and, under well-established rules of this court, we must accept them as true. By virtue of such findings, it must be held as undisputed that the legislative enactment transferring $214,330.46 from the trunk highway and road and bridge funds to the general fund in reimburse-

ment of expenses of collecting the tax on gasoline and gasoline substitutes during the 1945-1947 biennium did not exceed the amount actually expended therefor by the gasoline tax division. This being true, we are convinced that the challenged statute does not violate the provisions of art. 16, §§ 1 and 2.

■ We have passed upon this question on three different occasions. State ex rel. Holm v. King, 184 Minn. 250, 238 N. W. 334; Cory v. King, 209 Minn. 431, 296 N. W. 506; *Id.* 214 Minn. 535, 8 N. W. (2d) 614. These cases establish that under proper conditions the legislature may provide for a transfer of funds from the trunk highway or road and bridge fund to the general revenue fund for expenses incurred or for special services rendered such highway funds by other state departments, provided the charge therefor accurately reflects expenditures for such expenses and services.

This principle is stated in Cory v. King, 214 Minn. 542, 8 N. W. (2d) 617, *supra*, as follows:

"* * * As heretofore noted, the cases of State ex rel. Holm v. King and Cory v. King, *supra*, indicated that certain state agencies performing administrative services for the highway department could in proper cases be reimbursed therefor from the trunk highway fund. Undecided, however, is the question here presented whether departments rendering divided services may be proportionately reimbursed. * * * The true test is whether the charge upon the highway fund accurately reflects highway expenses, as borne by the * * * offices and departments. It is essential to validity of an appropriation from the highway fund that no more money be taken than is necessary to defray the expenses properly attributable to highway matters. It appears from the stipulation and the court's findings that at the time of passing L. 1941, c. 548, the legislature had before it the necessary data to inform itself of the amount of expenditures reasonably attributable to highway matters.

\* \* \* \* \*

"We conclude that the appropriations in question do not violate Minn. Const. art. 16, * * *."

■ The primary function of the gasoline tax division is the imposition, collection, and enforcement of special taxes upon gasoline and gasoline substitutes levied under the authority of Minn. Const. art. 9, § 5. In this respect, there is no difference between its functions and the functions of the secretary of state with reference to the collection of motor vehicle taxes, for which we approved diversion of funds in State ex rel. Holm v. King, 184 Minn. 250, 238 N. W. 334, *supra*. The services rendered by the gasoline tax division are special services rendered solely on behalf of the constitutional highway funds. While it is true that a portion of the sum here transferred is in reimbursement of expenses of this division in making tax refunds on nontaxable gasoline, this does not alter the fact that even such services were a necessary part of the work of collecting the lawfully imposed gasoline taxes for highway purposes. Neither would the fact that the proceeds derived from the oil inspection division were sufficient to defray all expenses of the entire department have any bearing on the question. Obviously, proceeds from this source would be materially increased if the department did not handle the gasoline tax.

The facts as thus outlined and as found by the trial court amply sustain the latter's conclusion that the legislative enactment here challenged was not violative of art. 16, §§ 1 and 2, or of art. 9, § 5, of the constitution.

Affirmed.