**OSTER & PEDERSON, INC., et al., Respondents,**

v.

**COMMISSIONER OF TAXATION, Relator.**

No. 46786.

Supreme Court of Minnesota.

March 17, 1978.

Rehearing Denied April 26, 1978.

Warren Spannaus, Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for relator.

Kelley, Torrison & O'Neill and Mandt Torrison, St. Paul, Rosenmeier & Simonett and Gordon Rosenmeier, Little Falls, for respondents.

Heard before KELLY, TODD, YETKA, and IRVINE, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Certiorari on relation of the Commissioner of Taxation (now Commissioner of Revenue) to review a decision of the Tax Court holding respondents not liable for contested use taxes on certain road-building materials. We affirm in part and reverse in part.

Respondents are Minnesota corporations. At all times material, respondents were road-building contractors engaged in partnership joint ventures of constructing public highways and roads and, more particularly, bridge sections of public highways and roads within the state of Minnesota.

During the taxable period from June 1, 1968, through August 31, 1971, respondents made purchases of a number of disputed items of tangible personal property, principally road-building materials such as steel and concrete and also machinery, equipment, and posts, all used in their business of road and highway bridge building.

All the disputed items were purchased from Minnesota sellers except for items which totaled $88,439.95. The Minnesota sellers failed to collect Minnesota sales tax from respondents, but filed timely sales tax returns which omitted sales of the disputed items. The parties stipulated that a use tax was due and owing on the items purchased from out-of-state sellers.[1]

On February 3, 1972, the Department of Taxation (now Department of Revenue) requested respondents to file use tax returns and pay use tax with respect to the disputed items. Respondents refused to file returns or to make payment on returns prepared by the department. On January 18, 1973, the commissioner assessed respondents $70,399.41 in taxes, interest and penalties. Respondents appealed to the Tax Court which held, inter alia, on March 30, 1976, "Appellants are not required to pay a use tax on road building materials."

On April 19, 1976, relator filed a motion for amended findings, conclusions, memorandum, and order in the Tax Court. That same day a copy of the writ of certiorari was filed with the Tax Court and a copy was mailed to respondents' attorney. The original writ and proof of service were filed with the Supreme Court. They were not filed with the Tax Court.

The issues presented on appeal are:

(1) Does the Supreme Court have jurisdiction to review a Tax Court decision by certiorari where Rules 115 and 125, Rules of Civil Appellate Procedure, were complied with, but Minn.St.1974, § 271.10, subd. 2, relating to review of Tax Court decisions was not?

(2) Did Minn.St.1971, § 297A.25, subd. 1(h), exempt all road-building materials from the use tax imposed by Minn.St. c. 297A?

(3) May the Tax Court ignore a stipulation entered into by the commissioner and taxpayers stipulating that taxes are due and owing on the use of certain materials?

1. Jurisdiction. On April 19, 1976, relator sought a writ of certiorari to review the Tax Court's March 30, 1976, decision. The writ was sought before a motion for amended findings was heard. A direct conflict exists, however, between Rules 115 and 125, Rules of Civil Appellate Procedure, and Minn.St. § 271.10, subd. 2, regarding the procedures for obtaining a writ of certiorari. Respondents claim that the statute controls and that relator's admitted failure to comply with its requirements of filing the original writ with proof of service in the Tax Court deprives this court of jurisdiction. Relator argues that the rules apply, but in the alternative, even if the statute controls, its compliance with the procedures set forth in the rules is sufficient to give the Supreme Court jurisdiction.

Rule 115, Rules of Civil Appellate Procedure, provides in part:

"Rule 115. Certiorari as a Matter of Right

"115.01 How Obtained; Time for Securing Writ

"Review of a decision of Workmen's Compensation Commission; Tax Court; Department of Employment Services; Commerce Department; and other decisions reviewable of right by certiorari to the Supreme Court may be had by securing issuance of a writ of certiorari within sixty (60) days after the party applying for such writ shall have received written notice of the decision sought to be reviewed, unless an applicable statute prescribes a different period of time.

\*     \*     \*     \*     \*     \*

"115.03 Contents of the Petition and Writ; Filing and Service Thereof

\*     \*     \*     \*     \*     \*

---

1. The Tax Court did not accept this stipulation. The state argues, in the alternative, that if the Tax Court is upheld in its interpretation of Minn.St.1971, § 297A.25, subd. 1(h), this court should hold respondents to their original stipulation.

"(2) Bond or Security. Petitioner shall file such bond or other security as may be required by statute or by the Supreme Court.

"(3) Filing; Fees. The clerk shall file the original petition and issue the original writ. The petitioner shall pay the clerk of the administrative agency $25, $5 of which shall be retained by the agency and $20 of which shall be forwarded to the clerk of the Supreme Court unless a different fee is required by statute.

"(4) Service; Time. The petitioner shall serve copies of the petition and writ upon the body to which it is directed and upon the adverse party in interest within 60 days after petitioner shall have received written notice of the decision to be reviewed unless a different time is prescribed by statute."

Rule 125.04, Rules of Civil Appellate Procedure, provides:

"Papers presented for filing shall contain either a written admission of service or an affidavit of service. Proof of service may appear on or be affixed to the papers filed. The clerk may permit papers to be filed without proof of service, but shall require such proof to be filed promptly thereafter."

For the purpose of the present appeal, the important procedures actually followed were service of copies of the petition and writ on the lower court and adverse parties, and filing of the original writ and proof of service with the Supreme Court.[2]

Minn.St.1974, § 271.10, subd. 2, provided in part:

"Within 20 days after notice of the making and filing of the order of the tax court, and in any case within 60 days after the making and filing of such order, the petitioner for review shall obtain from the supreme court a writ of certiorari, and shall serve the same upon the commissioner of revenue and upon all other parties appearing in the proceedings before the tax court, also upon the attorney general, unless he is the petitioner, *and shall file the original, with proof of such service, with the clerk of the tax court.* * * *"[3] (Italics supplied.)

As is readily apparent, the statute's requirement that the original writ with proof of service be filed in the Tax Court is in conflict with the rules' requirement that the original be filed in this court.

■ It should be noted at the outset that respondents admit to having been served with a copy of the writ and admit that the deputy clerk of Tax Court was served with a copy of the writ. Thus, as relator argues, the procedure followed served the statutory purposes. Had the statutory scheme been followed the original with proof of service would ultimately have been returned to this court. The only purpose not served by the procedure under the rules is that of showing the Tax Court that respondent had been served. In light of respondents' admission that they had been served, and in light of the fact that the Tax Court made the required return, any error would be harmless.

■ This court will entertain jurisdiction over an appeal where either the statute or the rules were complied with. Attorneys have a right to rely on compliance with the rules. Legislative rules are followed as a matter of comity, but the legislature may not limit this court's power to grant appellate review. *In re Appeal of O'Rourke,* 300 Minn. 158, 220 N.W.2d 811 (1974).

■ 2. Application of use tax to roadbuilding materials under Minn.St.1971, § 297A.25, subd. 1(h). Section 297A.25, subd. 1(h), provided, among others, that the following were exempt from the sales and use tax:

"(h) The gross receipts from the sale of and the storage, use, or consumption of all materials, including chemicals, fuels,

---

2. The Advisory Committee Comments state that the original writ is to be filed in the Supreme Court. Rule 125.04, Rules of Civil Appellate Procedure, then requires proof of service in this court.

3. In 1977, the time for securing the writ was extended to 60 days after notice of making the order. L.1977, c. 307, § 18.

petroleum products, lubricants, packaging materials, feeds, seeds, fertilizers, electricity, gas and steam, used or consumed in agricultural or industrial production of personal property intended to be sold ultimately at retail, whether or not the item so used becomes an ingredient or constituent part of the property produced. *Such production shall include* but is not limited to, production of any tangible personal property, manufacturing, processing (other than by restaurants and consumers) of agricultural products whether vegetable or animal, commercial fishing, refining, smelting, reducing, brewing, distilling, printing, mining, quarrying, lumbering, generating electricity and *road building*. Such production shall not include painting, cleaning, repairing or similar processing of property except as part of the original manufacturing process. Machinery, equipment, implements, tools, accessories, appliances, contrivances, furniture and fixtures used in such production and fuel, electricity, gas or steam used for space heating or lighting, are not included within this exemption;" (Italics supplied.)

The Tax Court, in interpreting this statute, said:

"Although this language seems to clearly exempt the appellants from paying a use tax on any materials they may have used in road building, the Commissioner points to Section 297A.25, Subd. 4, as negating this exemption and thereby reinstating both the sales and use tax.

"Subd. 4 reads in its entirety:

Nothing herein shall exempt *the gross receipts from sales of road building materials* intended for use in state trunk highway or interstate highway construction, whether purchased by the state or its contractors. (emphasis added).

"Note that this limitation on the road building materials exemption by its terms applies only to 'the gross receipts from sales,' in other words, the sales tax, not the use tax. Thus, the use tax exemption of 297A.25, Subdivision 1(h) remains.

"Throughout Chapter 297A the two taxes are kept separate and distinct. Even though they interrelate they are separately defined and separately treated throughout. Some exemptions in 297A.25, Subdivision 1 specify both taxes and some specify only the sales tax. The Commissioner urges us to expand the application of 297A.25, Subd. 4 to the use tax because of the decision in *Hoene v. Jamieson*, 289 Minn. 1, 182 N.W.2d 834 (1970). We can read no such implication in the *Hoene* decision which interpreted only the sales tax and specifically said the basic issue was 'whether the imposition of a sales tax on materials purchased by contractors for use in state highway or interstate highway construction unconstitutionally invades state trunk highway fund created by Minn.Const. [Art.] 16, Sec. 6, expenditures which are limited to trunk highway purposes.' 289 Minn. 1, 2, 182 N.W.2d 834, 836.

"If the legislature had intended Subd. 4 to apply to the use tax, it could have added the language 'storage, use or consumption' as it did enumerable times in the Tax Reform and Relief Act when referring to the use tax. The burden is on the Commissioner to establish clear statutory authority before additional taxes are imposed. No such authority has been presented.

" 'Courts cannot supply that which the legislature purposely omits or inadvertently overlooks.' *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 184 N.W.2d 588 (1971)."

We find this interpretation of the statutes and of our decision in *Hoene* persuasive and adopt the Tax Court's reasoning and language as our holding in this case.[4]

4. In 1973, the exemption in § 297A.25, subd. 1(h), was amended to change "road building" to "production of road building materials." L.1973, c. 75, § 1. This makes it clear that under the present scheme not all road-building activity is exempt, but that the ultimate sale or use of such materials is subject to the tax unless otherwise proscribed.

■ 3. Stipulation. As part of the stipulation of facts submitted to the Tax Court, the parties agreed to the following:

"The following amounts were purchased from the indicated out-of-state vendors who did not have the Minnesota Sales Tax permit referred to in this paragraph, and upon which no Sales or Use Tax has been paid *and upon which a Use Tax is due and owing*:

[List of vendors and amounts omitted.]

[Total] $88,439.95" (Italics supplied.)

Because it held that all road-building materials were exempt, the Tax Court ignored this stipulation of use tax due and owing. Relator argues that even if the court holds all road-building materials exempt, it must nonetheless abide by the parties' stipulation. Respondents in their brief appear to concede the issue. In *Hoene v. Jamieson,* 289 Minn. 1, 7, 182 N.W.2d 834, 838 (1970), this court reiterated its position:

" ' * * * While stipulations which affect only the individual rights of the parties thereto may be given effect, stipulations in respect to matters of law, especially if they affect public interests, are not binding upon and will be disregarded by the courts.' *City of St. Paul v. Chicago, St. P. M. & O. Ry. Co.,* 139 Minn. 322, 328, 166 N.W. 335, 337."

Because this stipulation affects only the individuals' tax liability for specific purchases, it should be given effect.

The Tax Court is thus affirmed in all of its holdings except insofar as it failed to determine the taxes due and owing on purchases made outside of the state in the stipulated amount of $88,439.95. The case is reversed and remanded to the Tax Court for the express purpose of determining the tax due and owing on the $88,439.95.

Affirmed in part and reversed in part.