# CIRCUIT COURT OF FAIRFAX COUNTY

Software AG of N. Am.

v.

Fairfax County
Board of Supervisors

June 19, 1997

Case No. (Law) 148742

BY JUDGE THOMAS S. KENNY

The question before the Court on Petitioner's Motion for Partial Summary Judgment is whether Fairfax County taxpayers must include the sales taxes paid on tangible personal property as a component of the total purchase cost reported in their business personal property tax return. After careful review of counsels' arguments, the Court denies Petitioner's Motion for Partial Summary Judgment and finds that the total purchase cost reported encompasses sales taxes.

From 1991 through 1996, Software AG reported only the cost of its tangible personal property, excluding sales taxes, on its business personal property tax returns for Fairfax County. The County, as one of its Grounds of Defense and Pleas in Bar to Petitioner's First Amended Petition for Relief from Erroneous Assessment, asserted a set-off against Software AG for taxable amounts of personal property not reported representing sales taxes and other intangibles. Software AG filed the instant Motion for Partial Summary Judgment for a determination of whether Software AG is statutorily required to report amounts attributable to sales taxes on its Fairfax County business personal property tax return.

The issue before the Court turns on the interpretation of the terms "total of original cost" and "total purchase cost," as used in the Virginia Code and Fairfax County business personal property tax return form, respectively. The Virginia Code provides, in pertinent part, as follows:

> Every taxpayer owning machinery and tools or business personal property, if requested by the commissioner of the revenue, shall include on his annual return of such property information as to *the total of original cost* by year of purchase. *The cost should be the original capitalized cost or the cost that would have been capitalized if the expense deduction in lieu of depreciation was elected under § 179 of the Internal Revenue Code.*

Va. Code § 58.1-3518 (emphasis added). The Virginia Code does not define further the statutory term "total of original cost." The County argues that it is clear from the face of the statute that the General Assembly did not intend to exclude sales taxes paid on business personal property from local personal property taxation and, moreover, that such exclusion would undermine the accepted and ordinary commercial connotation of the term. The U. S. Internal Revenue Code, for instance, defines "cost" as the amount paid for the property in cash, including amounts paid for sales taxes charged on the purchase and other intangibles. *See* 26 U.S.C. §§ 179, 1012 (1988 and Supp. 1997); IRS Publication 551 (Rev. Dec. 95); IRS Publication 946.

Petitioner has conceded that the County's position on the scope of the term "original cost" is correct. Although the Court recognizes that it is not bound to accept, as controlling, stipulations as to questions of law, such as a stipulated definition of a statutory term, most particularly in the interpretation of a tax statute,[1] the Court finds the County's arguments on the scope of the statutory term "original cost" persuasive and assumes the propriety of such for purposes of this decision.

Consequently, the only issue remaining in contention is whether the term "total purchase cost," as used in the Fairfax County business personal property tax form, is coterminous with the statutory term "original cost" by including sales taxes. The Fairfax County business personal property tax form instructs county taxpayers to "report the *total purchase cost* of all tangible personal property located in Fairfax County on January 1, each year ...." Form, Instruction 1 (emphasis added). The form further instructs county taxpayers to "furnish itemized listing of all tangible personal property showing date of acquisition and *original cost* ...." Form, Instruction 3 (emphasis added). The business personal property tax form neither defines the term "total purchase

---

[1] *Estate of Charles Henry Sanford v. Commissioner of Internal Revenue*, 308 U.S. 39, 50-51 (1939); *Rusan's, Inc. v. Washington*, 478 P.2d 724, 727 (Wash. 1970); *Hoene v. Jamieson*, 182 N.W.2d 834, 838-39 (Minn. S. Ct. 1970); *Casias v. Texas*, 503 S.W.2d 262 (Tx. Ct. App. 1973).

cost" nor states whether the term is equivalent to the statutory term "original cost." Article 17.1 of the Fairfax County Code on Personal Property Tax does not utilize the term "total purchase cost," provide any guidance for interpreting the term, or even specify what is to be reported.

Despite the evident lack of guidance in the Fairfax County Code and the business personal property tax form adopted thereunder, the Court cannot ignore the plain meaning of the terms *total purchase cost*, particularly where they have defined statutory and common law meanings.[2] The Supreme Court's reasoning in *S. & L. Straus Beverage Corp. v. Commonwealth*, 185 Va. 1055, 1060-61 (1947), is dispositive on the issue of whether "purchase" cost includes sales taxes. In deciding whether a wholesale merchant should have reported excise taxes paid by a manufacturer as part of the wholesaler's total amount of purchases, the Supreme Court defines the "amount of purchases" as the "sum total surrendered in exchange for the thing purchased." Specifically, the Court finds that:

> [t]axes of all kinds, property taxes, privilege taxes, tax on capital, income tax and others are usually elements that are combined with cost of material, labor, insurance, rent and many other items to arrive at the selling price of the article produced, and when the article is bought, the amount of purchase is the total sum of money the buyer parts with to get the article, regardless of what proportion of that amount is taxes and what proportion is labor or material or other cost.

185 Va. 1055, at 1061. The inclusion of sales taxes in the term "amount of purchases" under Virginia case law, likewise, demands the inclusion of sales taxes in the County's term "purchase cost."

Petitioner asks the Court to apply the strict constructionist approach of *City of Winchester v. American Woodmark*, 250 Va. 451 (1995), in determining the scope of "total purchase cost." The *American Woodmark* Court adopts the principal that "[s]tatutes imposing taxes are to be construed most strongly against the government, and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used." The *American Woodmark* case applies expressly to the construction of "statutes imposing taxes" (i.e., general tax statutes), not the construction of county tax forms. Nevertheless, even if *American Woodmark* did apply, the clear import of the terminology in question calls for the inclusion of sales taxes in the "total

---

[2] *See* 2B Sutherlands Statutory Construction § 50.03 (discussing how the common law construction of a word and phrase carries over to statutes dealing with similar subject matters).

purchase cost" under *S. & L. Straus Beverage Corp.* Consequently, the Court finds that *American Woodmark* is not dispositive in the instant matter and overrules Petitioner's Motion for Partial Summary Judgment. Fairfax County taxpayers shall include sales taxes expended on business personal property as a component of the total purchase cost reported on their business personal property tax return.